## 39917, 39918.   KENNEDY v. STATE HIGHWAY DEPARTMENT (two cases).

FRANKUM, Judge.   1. A single in rem condemnation action may be maintained to condemn a right of way across two tracts of land, one owned by one of the condemnees and the other owned jointly by him and another condemnee, *Marist Society of Ga. v. City of Atlanta*, 212 Ga. 115, 118 (3) (90 SE2d 564), and "In such a proceeding all persons interested will be allotted the damages to which they are respectively entitled." *Cook v. State Hwy. Bd.*, 162 Ga. 84 (7) (132 SE 902).   Therefore, it follows as a matter of course that the consequential benefits to the remaining portion of one tract cannot be offset against the consequential damages resulting to the remaining portion of the other tract.   These cases, which were tried together, involve the taking of portions of two tracts of land, one lying north of an existing public road and shown by the evidence to belong to the condemnee, A. D. Kennedy individually, and the other lying south of the existing public road and shown to be owned jointly by the condemnees, A. D. Kennedy and Thornton Kennedy.   Regardless of whether the evidence showed any unity of use or that the tracts were physically contiguous such as would authorize the offsetting of consequential benefits to one tract against the consequential damages to the other, it is clear that the evidence affirmatively

showed that there was diversity of ownership of the two tracts. Under these circumstances it was imperative that the consequential damages, if any, resulting to the separate parcels be assessed separately, and the consequential benefits, if any, also be assessed separately. State Hwy. Com. v. Fortune, 77 S. D. 302 (91 NW2d 675, 681); Duggan v. State, 214 Iowa 230 (242 NW 98, 99); Glendenning v. Stahley, 173 Ind. 674 (91 NE 234, 238); Tillman v. Lewisburg & N. R. Co., 133 Tenn. 554 (182 SW 597); City of Williamstown v. Wallace (Ky. App.) 316 SW2d 373. Accordingly, the trial court erred in admitting testimony of an expert witness over proper and timely objection, which testimony, as to the value of the respective tracts and as to the consequential damages and benefits resulting to the remaining property of the condemnees, authorized the jury to offset against the consequential damages shown to have resulted to the tract north of the existing public road the consequential benefits shown to have accrued to the tract south of the existing public road (consequential damages as to such tract having been waived by the condemnees), as complained of in ground 8 of the motion. The court also erred in charging the jury as complained of in ground 10 of the motion so as to authorize the jury to apply such testimony and other evidence in the case to set off the consequential benefits to one tract against the consequential damages resulting to the other.

2. The special grounds of the condemnee's motion for a new trial—the motions in each case are alike—relating to the admission in evidence of certain plats and diagrams of the two tracts of land which showed their relationship to the existing road and the proposed highway for which the land was condemned do not show harmful or reversible error. The objection was that these plats and diagrams showed the two tracts of land as a single unit. However, examination of these plats reveals that they do not per se show the two tracts as a single unit, since each plat or diagram shows either the owner or owners of the tracts in question or the tracts are shown thereon as separate by being differently numbered. Since the condemnation proceedings against the two tracts were tried together, the plats and diagrams were admissible. It was the testimony of the witnesses identifying the plats and diagrams and treating the two tracts as a unit that was

the harmful and inadmissible evidence as discussed in the preceding headnote.

3. Ground 9 of the amended motion assigns error because the trial judge excluded certain testimony offered by the movant respecting a sale of property allegedly comparable to the property condemned. This ground of the motion does not show that a proper foundation was laid for the admission of this evidence, in that it is not shown therein that the property about which movant sought to have the witness testify was comparable to the property condemned. *Fulton County v. Cox*, 99 Ga. App. 743, 745 (109 SE2d 849). Therefore, if this were the sole assignment of error, or if none of the other assignments were cause for reversal, no further comment would be necessary, but, in view of the fact that the case is being reversed and may be tried again, we think it proper to add this further comment: The motion shows without question that the sole basis upon which the trial judge excluded this evidence was that it related to a sale made subsequently to the condemnation. This was not a proper basis for its exclusion. Hance v. State Roads Comm. of Maryland, 221 Md. 164 (156 A2d 644); State Hwy. Comm. v. National Fireproofing Corp., 127 NJL 346 (22 A2d 268); Housing Authority of City of Dallas v. Shambry, (Texas) 252 SW2d 963; Morrison v. Cottonwood Develop. Co., 38 Wyo. 190 (266 P 117); Dormann v. State, 167 NYS2d 760 (4 AD2d 979); Mississippi State Hwy. Comm. v. Stout, 242 Miss. 208 (134 S2d 467). If, upon another trial, the same evidence is offered by the movant, a duty would rest upon the trial judge to determine whether a proper foundation had been laid for its admission.

4. The general grounds of the motion for a new trial are not argued or insisted upon and will be treated as abandoned. *Code* § 6-1308.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED MAY 29, 1963—REHEARING DENIED JUNE 13, 1963.

*Troutman, Sams, Schroder & Lockerman, William H. Schroder, Harold C. McKenzie, Jr.,* for plaintiff in error.

*Eugene Cook, Attorney General, Carter Goode, Paul Miller, Assistant Attorneys General, R. M. Reed, Robert E. Flournoy, Jr.,* contra.