40679. STATE HIGHWAY DEPARTMENT v. KAYLOR et al.

Decided May 6, 1964—Rehearing denied July 6, 1964.

*Eugene Cook, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, William J. Wiggins,* for plaintiff in error.

*Earl Staples,* contra.

NICHOLS, Presiding Judge. In *McArthur v. State Hwy. Dept.,* 85 Ga. App. 500 (69 SE2d 781), it was held: "There are only two elements of damages to be considered in a condemnation proceeding: first, the market value of the property actually taken; second, the consequential damage that will naturally and proximately arise to the remainder of the owner's property from the taking of the part which is taken and the devoting of it to the purposes for which it is condemned, including its proper maintenance and operation, and the measure of these consequential damages is the diminution in the market value of the remainder of the property proximately arising from these causes. Consequential damages to the remainder of the property caused by the negligent or improper construction of the improvement are not proper for consideration in a condemnation proceeding, but are the subject of a separate suit for damages. *Atlanta Terra Cotta Co. v. Ga. Ry. & Elec. Co.,* 132 Ga. 537 (5) (64 SE 563); *Central Georgia Power Co. v. Mays,* 137 Ga. 120 (4) (72 SE 900); *McCrea v. Georgia Power Co.,* 46 Ga. App. 276 (3) (167 SE 540); 29 CJS 1029, § 161." In *Whipple v. County of Houston,* 214 Ga. 532, 535 (105 SE2d 898), the Supreme Court held: "The statute plainly provides that the assessors shall assess consequential damages to the property not taken. *Code* §§ 36-504, 36-505. The decisions in *McArthur v. State Highway Department,* 85 Ga. App. 500 (69 SE2d 781), *Central Georgia Power Co. v. Mays,* 137 Ga. 120 (72 SE 900), do no more than allow

a recovery for damages resulting from negligent and improper construction. Construction that is done with due care and is proper is not grounds for recovery for damages to the remainder of the property of the condemnee. The assessment of compensation for land taken covers all damages whether foreseen or not which results from a proper construction. *Gilbert v. Savannah, Griffin &c. R.*, 69 Ga. 396."

The evidence objected to showed the manner in which dynamite was used in the construction of the storm-drain culvert and in a proper case may have authorized a verdict that the installation was negligently made. However, where, as in the present case, the other evidence adduced showed that the culvert was located according to the construction plans, that the standard operating procedures were followed by the contractor, and that a part of the ditch where the storm-drain culvert was installed was "blasted out," the evidence objected to was admissible to show the consequential damages were caused to the remainder of the condemnees' property by the taking and devoting of such easement to the purpose for which it was taken by the condemnor, and not as a result of the negligent construction of the storm-drain culvert by the contractor. The jury was instructed that: "If it should be made to appear from the evidence which has been submitted to you, that a portion of the damage claimed was caused by the negligence of the contractor, or his employees, or by a careless and imprudent or negligent performance of the construction by the contractor and his employees, such damages would not be a lawful part of this condemnation proceedings and the condemnee would not be entitled to recover a verdict therefor."

Under the record in this case the admission of such evidence was not error and the trial court did not err in overruling the special grounds of the amended motion for new trial, and the usual general grounds of the motion for new trial had been abandoned. Accordingly, the judgment of the trial court overruling the condemnor's motion for new trial must be affirmed.

*Judgment affirmed. Hall and Russell, JJ., concur.*