28765. GEORGIA POWER COMPANY v. BRAY et al.

GUNTER, Justice.

This case is here by virtue of our granting an application for a writ of certiorari to the Court of Appeals. We granted the writ because this is apparently a case of first impression and a case of importance in the area of eminent domain law.

Georgia Power Company, condemnor and applicant in certiorari here, condemned an easement in a special

master proceeding over a tract of land owned jointly by tenants in common, Mr. Moseley and Mr. Bray who are respondents in certiorari here. Contiguous to the jointly owned tract of land over which the easement was condemned was another tract of land of approximately five acres owned individually by Mr. Bray. Pursuant to a hearing on the issue of the value of the property taken and damaged, an award and judgment were entered. The condemnor and the condemnees then both appealed to a jury in the superior court. After a jury trial an award in favor of the condemnees was entered, the condemnor, being dissatisfied with the award found by the jury, filed a motion for a new trial, the motion for new trial was overruled by the trial judge, an appeal was taken to the Court of Appeals, and the Court of Appeals affirmed the judgment of the trial court. See *Ga. Power Co. v. Bray,* 130 Ga. App. 618 (204 SE2d 351) (1974).

The Georgia Constitution (Code Ann. § 2-301) provides that private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid.

The special master statute (Code Ann. § 36-612a) provides that the award made by the special master shall, in part, be as follows:

"1. I find an award to————, condemnee, the sum of $————, as the actual market value of the property sought to be condemned;

"2. I find consequential damages to the remaining property in the amount of $————;

"3. I find consequential benefits to the remaining property in the amount of $————(never to exceed the amount of the consequential damages);

"4. Balancing the consequential benefits against the consequential damages, I find and award to the condemnee in this case in the total sum of $————, and I respectfully recommend to the court that said property be condemned by a judgment in rem to the use of the condemnor upon the payment of the last stated sum into the registry of the court, subject to the demands of the condemnee."

In the case of *Alabama Power Co. v. Chandler,* 217 Ga. 550 (1) (123 SE2d 767) (1962), this court said: "In

a proceeding to condemn only a portion of a tract of land the only question to be determined by the jury is the amount which the condemnor should pay as just and adequate compensation for the part taken and consequential damages, if any, *to the remaining portion of the tract,* as such damages may be offset, but not exceeded, by consequential benefits." (Emphasis supplied.)

The condemnor's first complaint in this case is that in the jury trial the trial judge permitted evidence to go to the jury, over objection, showing consequential damages to a contiguous tract of land of approximately five acres owned in fee by Mr. Bray alone. The condemned easement was over the joint-ownership tract of land, and the condemnor contends that consequential damages in an eminent domain case must be limited to the land remaining in the tract after the taking. In other words, consequential damages cannot be awarded in an eminent domain case to contiguous tracts of land which have different ownership from the tract in which the taking occurs.

We agree with the contention of the condemnor. Consequential damages to a contiguous tract of land having a different ownership from that in which the taking occurs may be real and may in fact exist, but a separate owner's claim for consequential damages to his land contiguous to the tract where the taking occurs cannot be asserted in a condemnation action. Consequential damages to "the remainder of the tract in which the taking occurs" are the only consequential damages that may be recovered in the condemnation action.

In the case of *Gaines v. City of Calhoun,* 42 Ga. App. 89 (155 SE 214) (1930), Judge Stephens quoted from a foreign decision at p. 95, as follows: "It is an established rule in law, in proceedings for condemnation of land, that the just compensation which the landowner is entitled to receive for his lands and damages thereto must be limited to the tract a portion of which is actually taken. The propriety of this rule is quite apparent. It is solely by virtue of his ownership of the tract invaded that the owner is entitled to incidental damages. His ownership

of other lands is without legal significance."

We, therefore, hold that the admission of evidence of consequential damages to the contiguous 5-acre tract of land owned by Mr. Bray individually was erroneous. If the 5-acre tract has suffered damages by virtue of the taking which occurred on the joint-ownership tract, then such damages must be asserted in a separate action against the condemnor. See *Richmond County v. Williams,* 109 Ga. App. 670 (137 SE2d 343) (1964).

The condemnor's second complaint here is that the trial court erroneously admitted into evidence photographs depicting transmission line structures and wires located on easements of the Georgia Power Company in other areas of the state. The condemnee's purpose in offering such photographs in evidence was to support their claim that consequential damages would accrue to their remaining property not taken if and when such structures and lines were erected on the easement taken.

The condemned easement carried with it the continuous right of the condemnor "from time to time to go in and upon said right-of-way and to construct, erect, install, operate, maintain, inspect, reconstruct, repair, rebuild, renew and replace thereon towers, frames, and poles, with the right to attach to said towers, frames and poles necessary wires, fixtures and appliances, including communication lines and overhead and underground protective wires, for the proper transmission of electricity; also the right to substitute frames for towers or poles, or towers for frames or poles, with the right to brace the towers, frames and poles with such anchors, guy wires and supports as may be necessary to hold said towers, frames and poles firmly in position."

Since the condemned easement carried with it the right to erect towers, frames, and poles thereon at any time, and since the offered evidence depicted towers, frames and poles utilized by the condemnor elsewhere, the admission of these exhibits into evidence was not erroneous. This contention by the condemnor is without merit.

However, because of the admission of evidence with respect to consequential damages to the contiguous tract

of land owned individually by Mr. Bray, the judgment of the Court of Appeals was erroneous and must be reversed.

*Judgment reversed. All the Justices concur, except Ingram, J., who concurs specially and Nichols, P. J., who dissents. Hall, J., disqualified.*

ARGUED MAY 13, 1974 — DECIDED MAY 28, 1974 — REHEARING DENIED JULY 23, 1974.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr.,* for appellant.

*Charles T. Ballard,* for appellees.

INGRAM, Justice, concurring specially.

I concur in the majority opinion of the court in this case, but I wish to emphasize that under the Georgia Constitution I believe a property owner is entitled to recover all special damages to his property caused by a condemnation whether the property owner is a party to the condemnation case filed by the condemnor or not. "Private property shall not be taken, *or damaged,* for public purposes, without just and adequate compensation being first paid . . ." Code Ann. § 2-301.

The individual property owner in this case, whose separate property was not condemned and does not join the property being condemned in this proceeding, must be regarded as a stranger to this case. He is in the same position legally as any other landowner whose property may be damaged by the present condemnation but who is not a party to the case and whose land is not the subject of the condemnation. Consequently, it is the injection of diverse parties and their separate claims into this litigation which I believe was error. The filing of condemnation proceedings by a party possessing the power of eminent domain is not an open invitation for diverse parties and claims to enter the case as if it were an interpleader proceeding.

However, since the Georgia Constitution requires "just and adequate compensation" not only for the "taking" of private property, but for damage to private

property, I believe an independent action will lie for damages against the condemnor by any separate landowner who can prove his property has been specially damaged by this condemnation proceeding. Of course, as noted in the majority opinion, these damages to be recoverable must be special damages not sustained in common with the public generally as a result of the condemnation. See *Tift County v. Smith,* 219 Ga. 68 (131 SE2d 527). We recognize the theory of inverse condemnation in Georgia and I believe it encompasses not only a "taking" but the resultant damage done by a "taking" of private property.

In summary, I concur in the majority's conclusion that these diverse claims cannot be properly handled in the original condemnation case instituted by the condemnor as if it were in the nature of interpleader. In a condemnation case filed by the condemnor, the condemnor has the burden of proving damages. To allow strangers to file diverse claims in the case would put an impossible burden upon a condemnor to "guess" who might claim special damage as a result of the taking and might well stimulate claims where none really exist. A separate owner of separate land who claims special damage as a result of a condemnation should have the burden of proving those damages in a separate proceeding. If he can prove special damages, the Georgia Constitution permits their recovery.

NICHOLS, Presiding Justice, dissenting.

Georgia Power Company filed a condemnation proceeding to condemn a right-of-way across land owned by Bray and Moseley. The northern boundary of the property condemned was approximately 30 feet south of the northern boundary of the land owned by the condemnees as tenants in common. Bray alone owned land abutting on the north to the land jointly owned.

On the trial evidence was adduced as to consequential damages to the jointly owned land not condemned, and to the property owned solely by Bray. There was no evidence of consequential benefits. The condemnor contended in the trial court and in the Court of Appeals that it was error to admit evidence of, and to

permit a recovery for, consequential damages to the land owned solely by Bray. The Court of Appeals affirmed the trial court and certiorari was granted to review such question purportedly one of first impression in Georgia.

In *Kennedy v. State Hwy. Dept.,* 108 Ga. App. 1 (132 SE2d 135), it was held, following decisions of this court, that a single in rem proceeding may be brought to condemn separate tracts of land although the ownership of such tracts is not identical. It was further held that under such circumstances consequential benefits to one of the tracts cannot be used to offset consequential damages to the other tract.

In *Tift County v. Smith,* 219 Ga. 68 (131 SE2d 527), it was held: "None of their property having been taken or damaged in the dead-ending of the road upon which their property abuts, the plaintiffs' petition against the county did not allege a cause of action for compensation." That case was not a case filed to condemn property for public purposes but an action filed by property owners to recover for damages allegedly done to their property by the State Highway Department in the course of constructing a limited-access highway. The decision disapproved prior decisions which had held that the creation of a cul de sac by closing a road could constitute special damages to property between the cul de sac and the first intersection.

The appellant cites decisions decided under the 5th Amendment to the United States Constitution (Code § 1-805), but these cases are not controlling inasmuch as the United States Constitution provides: "nor shall private property be taken for public use without just compensation," while the Georgia Constitution of 1945 as amended provides in Art. I, Sec. III, Par. I (Code Ann. § 2-301), "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid. . ."

Nor is the proper test as to consequential damages the boundary lines shown on the condemnee's deed conveying to him the property through which the right-of-way is condemned. Through the years large parcels of land are subdivided and sold in small parcels while other small parcels are purchased from separate owners to

create a single large parcel and, unless title to the created large parcel is transferred, the owner's title may well be contained in different deeds.

The real question presented is whether the constitutional mandate that private property cannot be taken or damaged without just and adequate compensation being first paid may be restricted so as to preclude a condemnee from recovering *all* damages to which he is entitled unless all the property damaged is under identical ownership as that actually taken and title derived from the same source in one conveyance.

No question as to the right of an owner of real property to consequential damages to remaining property when a part of his property has been taken or damages is presented. In *Wayne v. Hartridge,* 147 Ga. 127, 132 (92 SE. 937), it was said: "The term 'property' is a very comprehensive one, and is used not only to signify things real and personal owned, but to designate the right of ownership, and that which is subject to be owned and enjoyed."

Once the property of the owner is invaded by condemnation proceedings he is entitled to recover for all damages done to his remaining contiguous property.

When the condemnor took the right-of-way over the jointly owned property it was required to pay the condemnees just and adequate compensation for the damages done to their remaining property. Each person who owned a part of the property condemned is entitled to recover the consequential damages to his remaining contiguous property not condemned. The fact that his title to the remaining property is not identical (as to percent of ownership) or that it was not all obtained in the same conveyance would not preclude his right to recover all consequential damages to his remaining property.

No error appears in the opinion of the Court of Appeals on this issue and such judgment should be affirmed.