## 59722. SECKMAN et al. v. GEORGIA POWER COMPANY.

SOGNIER, Judge.

Georgia Power Company brought an action to condemn a portion of two tracts of land owned by the appellant condemnees. The two tracts (we will call them A and B) are separated by a 150 foot right of way owned by the condemnor which has a high voltage transmission line located thereon. Condemnor acquired this 150 foot right of way on April 9, 1970 from Leroy Smith in fee simple;

condemnees acquired tracts A and B on July 15, 1971, the northerly tract (A) being acquired from Leroy Smith, the other (B) from Bena A. Hammer. Thereafter, Georgia Power Company granted the condemnees an easement across the 150 foot right of way, which gave them the right to maintain a road between their two tracts.

The trial court refused to allow the condemnees to treat tracts A and B as contiguous for purposes of assessing consequential damages. The condemnees argue that a taking of a portion from tract A should give rise to consequential damages to the uncondemned property of tract B. The condemnees claim the court erred: (1) in granting a motion of the condemnor that condemnees be prevented from offering evidence of consequential damages to both tracts of condemnees' remaining property caused by the taking of a portion of both of the condemned tracts; (2) in charging the jury that they were to consider the two tracts of land as two separate condemnation proceedings even though brought in the same action, and to consider the consequential damages arising from their condemnation separately and distinctly; and (3) in charging the jury that they could not consider consequential damages arising to condemnees' remaining property on one side of the 150 foot existing power line as a result of the taking of land on the other side.

The enumerations may be treated together. Tracts A and B were not contiguous. The word contiguous when applied to ownership of land means "to touch," as where tracts of land corner one another. *Morris v. Gibson,* 35 Ga. App. 689 (134 SE 796) (1926). The most that can be said is that the two tracts here were capable of being reached by a road running from one to the other over the easement granted to condemnees by Georgia Power. Since the tracts were not contiguous, the consideration of consequential damages was correctly limited to the remainder of tract A and tract B individually, rather than considering the remainder of the two tracts together. *Dept. of Transportation v. Simon,* 151 Ga. App. 807, 810 (261 SE2d 710) (1979); *Southwire Co. v. Dept. of Transportation,* 147 Ga. App. 606, 608 (249 SE2d 650) (1978); *Ga. Power Co. v. Bray,* 232 Ga. 558, 560 (207 SE2d 442) (1974); *Gaines v. City of Calhoun,* 42 Ga. App. 89 (155 SE 214) (1930). Hence, the court's charge and the exclusion of evidence as to consequential damages to both tracts together was correct. Accordingly, appellants' enumerations of error are without merit.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED APRIL 7, 1980 — DECIDED JUNE 27, 1980 —
REHEARING DENIED JULY 8, 1980 —

*Morgan M. Robertson,* for appellants.

*Wallace Miller, Jr., Lee Hutcheson, Russell L. Adkins, Jr.,* for appellee.