### 65187. MACON-BIBB COUNTY WATER & SEWERAGE AUTHORITY v. REYNOLDS et al.

QUILLIAN, Presiding Judge.

The condemnor, Macon-Bibb County Water & Sewerage Authority, appeals from a jury verdict and judgment for the condemnees, Mr. and Mrs. W. Carl Reynolds. The Reynoldses live at 5637 Taylor Terrace in Bibb County and their land was bisected on the east by the Southern Railroad, leaving approximately one-quarter to one-third of an acre on the east side of the railroad and that land was bounded on the east by the Ocmulgee River. The riverfront land was approximately 222 feet in length along the river and was approximately 40 feet in depth on the north end and 75 feet in depth on the south end. Condemnor's evidence showed the land to be one-quarter of an acre in size and they were taking a 25 foot sewer easement, with a temporary 60 foot construction easement throughout the entire length of the property. The easement land amounted to .137 hundredths of the .250 hundredths total land. Condemnor's expert on value testified that the land was worth approximately $2,000 per acre, with a value of $500 for the one quarter acre and valued the easement at $175 with no consequential

damages.

The condemnee's expert found the value of the land actually taken to be $925.19, and because it was riverfront land it was "a unique piece of property." He considered "the value before the taking and the damage after the taking, and the damages that [he] thought was done to the property" to be $1,920.05. He also placed a "value . . . on the man's property because of uniqueness, because of the riverfront property" — to be $10,000, and arrived "at the total damages . . . $11,920.05." The jury returned a verdict of $9,000. The trial court denied condemnor's motion for a new trial and this appeal followed. *Held:*

1. This is a companion case to *Macon-Bibb County Water &c. Auth. v. Reynolds,* 165 Ga. App. 348 (299 SE2d 594) and it controls the result we must reach. In that case, we found that neither "privacy" — which is inherent in ownership of all property, nor the fact that the condemned land was "riverfront" property, would authorize a charge on the condemned property having a value "peculiar" to the owner, or that the realty was "unique." Accordingly, enumerated error seven is meritorious and requires reversal.

2. The condemnor argues that the facts of this case are similar to *Seckman v. Ga. Power Co.,* 155 Ga. App. 204 (270 SE2d 328), and that *Seckman* would control the issue of consequential damages. We agree. *Seckman* was premised on the fact that one condemnee owned land which was bisected by a "right-of-way" owned by Georgia Power Company, and that the property on both sides of the right-of-way were not contiguous as they did not touch. Thus, under the rule that consequential damages apply only "to the remaining portion of the tract" partially condemned *(Ga. Power Co. v. Bray,* 232 Ga. 558, 560 (207 SE2d 442)), consequential damages to either parcel could not involve condemnee's parcel on the other side of the right-of-way. 155 Ga. App. 204, 205 (270 SE2d 328).

In the instant case the trial judge ruled that *Seckman* would apply. The condemnor contends that the court "reversed itself on the theory, without foundation in law or fact, that the small tract . . . across which the sewer line traverses, had some 'peculiar' or 'unique' value . . . and charged the jury in language that permitted a verdict based thereon, which allowed recovery for consequential damage to non-contiguous property of the condemnees." We do not agree. We find that the record does not support the argument that the court reversed itself, or that the charge authorized consequential damages for condemnees' non-contiguous property. The court charged the jury several times that "any consequential damages would have to be such damages as would naturally and proximately arise to the condemnees' land outside of the sewer right-of-way and between the

railroad and river. . . . The measure of the damages would be the difference in the value of the land lying outside of the easement right-of-way and between the railroad track and the river before the imposition of the easement and after the imposition of the easement." Accordingly, this enumeration is without merit.

3. The condemnor complains of the trial court permitting condemnees' expert on value to testify as to three alleged comparable sales in another county without giving any foundation for such comparability. As stated earlier, the entire tract belonging to condemnees on the river was approximately one-quarter of an acre. The *condemnor's expert* testified: "There are no real comparables to a tract of land that's only 25 one-hundredths of an acre that have been sold in Bibb County or Monroe County." Then, the *condemnor* introduced a "comparable" sale of 15.22 acres of riverfront land in Monroe County. The condemnees' expert also found no comparables in Bibb County and used three examples in Jones County — a 2 acre tract, a 3.74 acre parcel, and a 3.5 acre lot.

"Whether particular tracts of other land are similar to, and whether the sale thereof is illustrative of the value of the land being condemned, are matters for the determination of the trial judge within his sound discretion, and unless he has manifestly abused that discretion the appellate courts will not control it. Exact similarity is not generally attainable, and any dissimilarities in the lands or their transfer are matters which go to the weight to be given by the jury to the evidence of the transfer." *Ga. Power Co. v. Walker,* 101 Ga. App. 454 (2) (114 SE2d 159); *Housing Auth. of Atlanta v. Goolsby,* 136 Ga. App. 156, 158 (220 SE2d 466); *DOT v. Worley,* 150 Ga. App. 768 (4) (258 SE2d 595). We have found no abuse of discretion.

4. The fifth enumerated error alleges the court's charge authorized "double damages." The record reflects that the trial court committed a lapsus linguae in his concluding charge on measure of damages. After correctly noting earlier that "the measure of these damages to which the condemnee is entitled is *the difference* in the value of the land lying within the confines of the easement before and after the imposition of the easement on the land," he charged: "The value of the property before and after the taking, and any consequential value, or damage" was the measure of damages — inadvertently omitting the qualifying phrase of *the difference* between the two values — if any, was the correct test. (Emphasis supplied.) However in view of our finding of error requiring reversal, it is unlikely that this error would recur in the event of a new trial.

5. The remaining enumerations of error are without merit, are mooted by the above holding, or are unlikely to recur in the event of a new trial.

*Judgment reversed. Shulman, C. J., and Carley, J., concur.*

DECIDED JANUARY 12, 1983 —
REHEARINGS DENIED FEBRUARY 7, 1983 —

*Wallace Miller, Jr.,* for appellant.
*F. Robert Raley,* for appellees.