A90A1150. ANTIQUE CENTER OF ROSWELL, INC. v. CITY OF ROSWELL.

(397 SE2d 146)

BANKE, Presiding Judge.

The City of Roswell initiated condemnation proceedings to acquire certain property in which the appellant held a leasehold interest and on which it had been operating a "flea market" and auto auction business. A special master awarded the appellant $485,000 for its interest, and the city appealed. The case was then tried before a jury, which awarded the appellant only $6,500. The appellant brings the present appeal from the denial of its motion for new trial. *Held*:

1. The appellant contends that the trial court erred in refusing to give its requested charge that it was entitled to recover its moving expenses and relocation costs incurred as a result of the condemnation, "including its costs to advertise and market its new location." The business had not relocated at the time the case was tried, and the evidence of the appellant's prospective relocation expenses consisted, in its entirety, of the following testimony offered by the owner on direct examination: "Q. [W]hen you relocate this, what would you think to be reasonable advertising costs at a new location? A. Well, I put in approximately $185,000 in advertising costs [at the original location]. . . . I would think maybe up to a quarter of a million dollars in the new building will be necessary to get this going again. Q. . . . Do you have an opinion as to what it would cost you physically just to move what you have got to any other location? A. I think [for] the physical moving, [ten thousand dollars is] probably in the ball park, ten, fifteen thousand dollars to move it. . . ." Pretermitting whether an award of damages for relocation costs, including advertising expenses, would have been authorized in this case on the basis of proper proof thereof, the foregoing testimony was clearly insufficient to support such an award in that it was wholly speculative in nature.

2. The appellant contends that "[t]he trial court committed reversible error when it limited the measure of . . . damages to the fair market value of the leasehold, when the evidence and the law warranted consideration of other factors." However, we are cited to no ruling made by the trial court in connection with this enumeration of error. Consequently, it presents nothing for review. Cf. *Hall v. State*, 180 Ga. App. 881, 882 (2) (350 SE2d 801) (1986).

3. The appellant contends that the jury's verdict was contrary to the weight of the evidence. This court has no power to disturb a verdict in a civil action on the ground that it is contrary to the weight of

the evidence but is limited to consideration of whether there is any evidence at all to support the verdict. See *Lane Drug Stores v. Brooks*, 70 Ga. App. 878, 885 (29 SE2d 716) (1944); *Spivey v. Rogers*, 173 Ga. App. 233, 238 (2) (326 SE2d 227) (1984). The city presented expert testimony as to the market value of the leasehold interest, which testimony supported the jury's verdict in this case. While the appellant complains that the properties considered by the city's expert in arriving at his opinion of the value of the leasehold interest were dissimilar to the property being condemned, that was itself an issue for jury resolution. " 'Exact similarity is not generally attainable, and any dissimilarities in the lands or their transfer are matters which go to the weight to be given by the jury to the evidence. . . .' [Cits.]" *Macon-Bibb County &c. Auth. v. Reynolds*, 165 Ga. App. 355, 357 (3) (299 SE2d 592) (1983).

4. The appellant contends that the trial court erred in refusing to admit evidence that the city had depressed the value of the leasehold interest prior to the taking by such actions as harassing existing tenants and telling prospective tenants that space in the facility could not be leased due to the prospective condemnation. This enumeration of error is also without merit. A diminution in value which occurs as the result of an anticipated condemnation is not compensable, *Josh Cabaret, Inc. v. Dept. of Transp.*, 256 Ga. 749 (3) (353 SE2d 346) (1987); and it has been held that evidence of such a diminution in value resulting from the alleged conduct of the condemnor cannot be introduced for the purpose of proving bad faith on the part of the condemnor. See *Department of Transp. v. Petkas*, 189 Ga. App. 633, 638 (5) (377 SE2d 166) (1988). Accord *Department of Transp. v. Franco's Pizza &c.*, 164 Ga. App. 497, 498 (1) (297 SE2d 72) (1982).

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 18, 1990 — CERT. APPLIED FOR.

*James J. Pirkle, Towery, Thompson, Gulliver & Bunch, Jeffrey D. Bunch, Linda B. Borsky*, for appellant.

*Weiner, Dwyer, Yancey & Mackin, J. Matthew Dwyer, Jr.*, for appellee.