A96A1818, A96A2045. S & S FOOD SERVICES, INC.
v. DEPARTMENT OF TRANSPORTATION; and vice versa.

(475 SE2d 197)

ELDRIDGE, Judge.

S & S Food Services, Inc. ("S & S") entered into a lease agreement with W. W. Anderson Estate Partnership ("Anderson estate") on August 19, 1971. S & S assigned this lease to Shanes Food Company, Inc. ("Shanes") on September 1, 1976. S & S is the parent corporation of Shanes.

The lease covers a 200-foot by 200-foot square restaurant site which covers land in the southwest quadrant of Interstate 75 and Georgia Route 83 (Lee Street), Monroe County, per plat by S. J. Gostin Company dated August 4, 1971, recorded in plat book 4, page 276, Monroe County Clerk's Office. The leasehold parcel is separated from the highway right-of-way of Frontage Road by a 20-foot easement owned by the Anderson estate. The plat shows a proposed driveway adjacent to the "restaurant site" over the easement to provide access to Frontage Road. The proposed driveway is also referenced in Article IV of the lease between the Anderson estate and S & S where the lessor agreed to grade the demised premises about two feet above Frontage Road and to fill between the demised property and Frontage Road a width of 50 feet for use by the lessee as an ingress to the premises from Frontage Road.

The driveway from Frontage Road over the easement was used by Shanes and other lessees of the Anderson estate, including various motels, from its construction in 1972 and remained in continuous use and operation until the driveway was closed by the Department of Transportation ("DOT"). This driveway was also mentioned in a lease from the Anderson estate to Edward Bear et al. The Bear lease, which is for property occupied by the Tradewinds Motel, refers to the same plat that is attached to the S & S lease and gives the lessee an easement over such driveway subject to its use by other lessees of the lessor and their customers, which includes appellant.

The DOT filed a condemnation petition and declaration of taking on May 18, 1987, against appellant and the Anderson estate and paid the sum of $30,100 into the registry of the court. The condemned property was a .006-acre tract or 250 square feet of land in Land Lot 170 of the 6th Land District in Monroe County. Such 250 square feet of land did not encompass any of S & S's 200-foot by 200-foot square restaurant site. However, it did acquire 250 square feet of the 20-foot-wide easement that separates the S & S leasehold parcel from Frontage Road and which deprived Shanes of access from Frontage Road. However, Shanes still had access by a road that led from the restaurant to North Lee Street. After such taking, and access to the Frontage Road was closed, Shanes ceased to do business because it

was losing money.

S & S filed a timely notice of appeal seeking a jury trial on the issue of just and adequate compensation for its property interests, if any, acquired in the condemnation.

On April 5, 1993, DOT filed a motion for direction pursuant to OCGA § 32-3-17.1 in which it asked the trial court to determine whether S & S had a compensable interest in the condemnation.

On February 2, 1994, S & S filed a response objecting that there were questions of fact to DOT's motion for direction and on February 17, 1994, the DOT replied to this response.

On February 10, 1995, the trial court entered an order finding that S & S did not have a compensable interest in this condemnation as none of its 200-foot by 200-foot square restaurant site was acquired by the DOT and that S & S had no easement.

S & S's notice of appeal was timely made. The trial court mailed S & S's attorney the notice of costs on March 21, 1995. However, S & S failed to make a payment of appeal costs until March 7, 1996, almost one year after it filed its notice of appeal.

The DOT, pursuant to OCGA § 5-6-48 (c), made a motion to dismiss S & S's appeal on the ground that there was an unreasonable delay in the transmission of the record to the appellate court and that such delay was inexcusable and was caused by S & S's failure to promptly pay costs to the trial court or file an affidavit of indigence.

On March 28, 1996, the trial court overruled DOT's motion to dismiss S & S's appeal nunc pro tunc to March 15, 1996. DOT filed a notice of appeal from this order on April 26, 1996.

*Case No. A96A1818*

1. The first enumeration of error raised by S & S states that the trial court "erred in its determination that a compensable interest may be decided under OCGA § 32-3-17.1."

DOT argues that S & S waived this argument as it was not raised prior to appeal on the trial level. It is well settled that this Court will not consider an argument that is raised for the first time on appeal. *City of College Park v. Pichon,* 217 Ga. App. 53 (456 SE2d 686) (1995); *Smith v. State,* 204 Ga. App. 576 (420 SE2d 29) (1992); *Holland v. State,* 197 Ga. App. 496 (398 SE2d 810) (1990). However, in this case S & S put up evidence in response to DOT's motion for direction in the form of an affidavit and made known to the Court that the issue before the trial court was a question of law and fact as to the existence and value of the easement.

Under OCGA § 9-11-46 (a) formal exceptions to rulings and orders are unnecessary, and it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to

the court the action which he desires the court to take or his objection to the action of the court and the grounds therefor. If a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not hereafter prejudice him. S & S by the filing of an affidavit with its brief made it clear to the court that S & S felt the question before the trial court was one of law and fact, and under OCGA § 9-11-46 (a), this was a sufficient objection. Therefore, S & S has standing to now raise this issue on appeal.

Whether or not S & S had a compensable interest in the condemned property is a mixed question of law and fact and cannot be dealt with as a matter of law only. The trial court must construe factual issues such as the terms of the lease between S & S and the Anderson estate, the lease between the Anderson estate and Edward Bear et al., the affidavits filed, and any other facts S & S may have been able to show to determine if S & S had an easement, either express or implied, over the condemned property. Such evidence would also include the open and notorious use of such driveway by S & S, its customers, suppliers and others servicing S & S.

OCGA § 32-3-17.1 was enacted by Ga. L. 1985, p. 149, § 32. The General Assembly passed Ga. L. 1985, p. 149 to correct provisions in the recodification of the Official Code of Georgia; however, § 32 created a new Code section, OCGA § 32-3-17.1. The amendment does not give the trial court any more power than the original enactment did which was to rule on issues of law only and not mixed issues of law and fact. Since condemnation proceedings are statutory and in derogation of common law, such statute must be strictly construed. Therefore, any questions of law and fact or fact questions can be dealt with by the court on only evidentiary hearing, trial before the court on non-value issues, or summary judgment and not under OCGA § 32-3-17.1.

In this case, it appears that the trial court must determine as a matter of fact the nature of the interest S & S has in the condemned property, if any. If the court finds that S & S has an easement, either express or implied that runs with the land, even if such easement has no value, S & S may still be entitled to consequential damages resulting from the taking if the property was unique. *Dept. of Transp. v. Franco's Pizza &c.*, 200 Ga. App. 723 (409 SE2d 281) (1991). The trial court must also determine, if it finds S & S had either an express or implied easement, what effect the loss of traffic across such easement by appellant, appellant's customers or suppliers has had on appellant's business.

Easements, according to OCGA § 44-9-1, may originate by express grant, prescription or by implication of law when the right is necessary to the enjoyment of lands granted by the same owner.

This Court hereby reverses and remands this case to the trial

court for determination and consideration of the factual issues of the nature of S & S's interest, if any, in the condemned property and the value, if any, of such interest.

2. This Court having found the trial court erred in its determination that a compensable interest could be decided under OCGA § 32-3-17.1 will not decide appellant's second enumeration of error.

*Case No. A96A2045*

3. The only enumeration of error alleged by DOT is that the trial court erred in failing to grant DOT's motion to dismiss appeal.

Whether or not there has been an unreasonable delay is a fact issue for the trial court's determination. *Merrill Lynch &c. v. Echols*, 138 Ga. App. 593, 594 (2) (226 SE2d 742) (1976); *Johnson v. Clements*, 135 Ga. App. 495 (218 SE2d 109) (1975). "In reviewing a finding of unreasonable and inexcusable delay in filing a transcript, this court will not disturb the lower court's finding absent an abuse of discretion." (Citations and punctuation omitted.) *Teston v. Mills*, 203 Ga. App. 20 (416 SE2d 133) (1992); *Hunt v. Lee*, 190 Ga. App. 403 (379 SE2d 215) (1989); *Ballenger Corp. v. Dresco Mechanical Contractors*, 156 Ga. App. 425 (274 SE2d 786) (1980); *Patterson v. Professional Resources*, 242 Ga. 459 (249 SE2d 248) (1978); *DuBois v. DuBois*, 240 Ga. 314 (240 SE2d 706) (1977).

There has been no abuse of discretion by the trial court under the facts and circumstances of this case in the trial court's denial of DOT's motion to dismiss appeal.

*Judgment reversed in Case No. A96A1818. Judgment affirmed in Case No. A96A2045. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 21, 1996.

*W. Franklin Freeman, Jr.*, for appellant.

*Michael J. Bowers, Attorney General, Harris & James, William C. Harris, Lisa D. Neill-Beckmann*, for appellee.