### A97A1655. FRANKLIN COUNTY v. AYERS.
(493 SE2d 28)

SMITH, Judge.

The central issue in this appeal is whether the trial court in a condemnation action erroneously permitted the jury to consider evidence concerning consequential damages. We conclude that this issue was raised by the evidence presented, and we affirm the jury's verdict in favor of the condemnee, Henry Randolph Ayers.

Franklin County filed a petition to condemn a 7.54 acre parcel of land owned by Ayers to expand a landfill adjoining the property. Following a hearing before a special master, Ayers was awarded $21,000 as actual market value of the property and $79,000 as consequential damages to the remaining property. Franklin County appealed this award to superior court. The case proceeded to trial, and the jury awarded Ayers $15,000 as present market value of the property condemned and $67,000 as consequential damages. In four enumerations of error Franklin County contends the trial court erroneously refused to strike the testimony of Ayers's expert concerning consequential damages and erroneously instructed the jury on this issue.

Resolution of these contentions turns on whether the issue of consequential damages was raised by the evidence. In this case, whether the jury was authorized to consider evidence of consequential damages depends on whether the 7.54 acres sought to be condemned was contiguous to other property owned by Ayers. See generally *Seckman v. Ga. Power Co.*, 155 Ga. App. 204, 205 (270 SE2d 328) (1980).

Franklin County contends the 7.54 acre tract was not contiguous to the remainder of Ayers's property and therefore consequential damages were not authorized. "The word contiguous when applied to ownership of land means 'to touch,' as where tracts of land corner one another. [Cit.]" Id. at 205. The evidence was in conflict as to whether the 7.54 acres sought to be condemned "touched" other property owned by Ayers. Two of Franklin County's witnesses, a county commissioner who previously worked as a land surveyor, and the county surveyor both testified that the 7.54 acres did not touch any other property belonging to Ayers. But Ayers testified that the 7.54 acres adjoined the remainder of his property. He stated that "it's always been one piece, one parcel. . . . It all joins." He stated that the 7.54 acres was purchased two years after the remainder of the land and "was all made one tract." We note the testimony of Franklin County's

appraiser that, until told otherwise by Franklin County's attorney outside the courtroom, he initially believed that the 7.54 acres touched a portion of property owned by Ayers.

The jury heard the evidence and, during deliberations, asked to view the property, specifically with the aim of determining whether two parcels or only one existed. After viewing the land sought to be condemned, the jury returned its verdict which is at issue here. We cannot say that the issue of whether the 7.54 acres touched other property owned by Ayers was so undisputed as to require the court to withhold from the jury consideration of consequential damages. It is true that Franklin County presented testimony from experienced, trained surveyors stating their opinions as to the boundaries of the landfill, the 7.54 acres, and the remainder of the property. It is obvious that Ayers was not so trained. But it was the jury's province to weigh the evidence and assess witness credibility. Regardless of whether Franklin County's witnesses gave their opinions as lay or as expert witnesses, the jury was entitled to give little or no weight to their testimony and to believe that of Ayers. See generally *Adsitt v. State*, 248 Ga. 237, 239 (2) (282 SE2d 305) (1981) (jury not obligated to accept opinion evidence of surveyors and reject opinion evidence of law enforcement officials concerning location of county line); *Ford Motor Co. v. Hanley*, 128 Ga. App. 311, 315 (2) (196 SE2d 454) (1973). Because some evidence was presented that the 7.54 acres adjoined another portion of land owned by Ayers, the trial court was authorized to permit the jury to hear evidence from Ayers of consequential damages[1] and to charge the jury on this issue. See generally *Southern Bell Tel. &c. Co. v. Don Hammond, Inc.*, 198 Ga. App. 517, 518 (402 SE2d 112) (1991) (trial court's duty to charge jury on applicable law to issues where any evidence presented on which to support the instruction).

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

---

[1] Franklin County moved to strike the testimony of Ayers's appraiser concerning consequential damages after his testimony was completed. Franklin County ignores the fact that *it too* introduced evidence concerning consequential damages before Ayers presented his evidence. Although Franklin County presented evidence that consequential damages were zero, while Ayers presented evidence that the remainder of his property suffered substantial damages, Franklin County cannot be heard to complain when it introduced evidence on the same issue.

DECIDED OCTOBER 15, 1997.

*Green & Ashworth, Douglas G. Ashworth*, for appellant.
*Andrew J. Hill, Jr., Charles D. Strickland*, for appellee.