**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 27, 2017**

# In the Court of Appeals of Georgia

A17A0908. PHH INVESTMENTS et al. v. DEPARTMENT OF DO-036 TRANSPORTATION.

DOYLE, Judge.

In this condemnation action, condemnees PHH Investments, Inc., and Zenith Investments, Inc., (collectively "Defendants") appeal from the grant of partial summary judgment to petitioner Georgia Department of Transportation ("DOT") precluding an award of certain consequential damages to the Defendant's contiguous tract of property arising from the alleged taking of the Defendants' easement across adjoining condemned property. The Defendants argue that the trial court erred by ruling that they cannot recover, as part of DOT's condemnation action, the diminution in value of their contiguous parcel based on the partial taking of their easements over the adjoining condemned property. For the reasons that follow, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

The facts relevant to this appeal are undisputed, and the record shows that Edens and Avant Financing II Limited Partnership ("E&A") owns a parcel of land, identified on a plat as Parcel 6, near the intersection of Georgia Highway 400 and Highway 53. Parcel 6 is a strip mall anchored by a Kroger grocery store. Contiguous to Parcel 6, there is a smaller parcel within the strip mall, identified as Parcel 5 and owned by PHH. PHH leases Parcel 5 to Zenith, which operates a Wendy's restaurant on the site.

Parcel 5 sits at the actual intersection of the highways, tucked into the easternmost corner[2] and situated between the E&A parcel and the intersection. As

---

[1] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] At this location, the intersection is not perfectly aligned with the points of the compass: Highway 400 north runs approximately northeast, and Highway 53 north runs approximately northwest. Parcel 5 sits on the southern/eastern side of Highway 400 and on the northern/eastern side of Highway 53.

originally configured, Parcel 5 did not have driveways directly accessing Highways 400 and 53, so when PHH purchased Parcel 5, it also received an easement for access over Parcel 6, so that Parcel 5 could be accessed from both highways. Using these easements, northbound drivers on Highway 400 can cross Highway 53 and turn right directly into Parcel 6 (the strip mall) where they can access Parcel 5 via an internal roadway called Big Horn Drive, which connects Highways 400 and 53 and runs behind the Wendy's restaurant along the border of Parcels 5 and 6. Southbound drivers on Highway 400 have to turn left onto Highway 53, where they can turn left into Parcel 6 and access Parcel 5 via the southern portion of Big Horn Drive. Drivers on Highway 53 going in either direction can turn into the same entrance to Big Horn Drive. These methods allowed drivers to visit the Wendy's restaurant on Parcel 5 and return to the highways relatively easily from any direction.

In 2014, DOT endeavored to created a "continuous flow intersection" to ease traffic at the busy intersection. To that end, DOT filed a petition to condemn certain portions of Parcel 6, including the portions containing the easements used by the Defendants for access to Parcel 5. No portion of Parcel 5 was condemned. After completion of the project, drivers' direct access to Parcel 5 would be either from the northbound right-hand lane of Highway 53 or by driving southbound on Highway 53

to another entrance to Parcel 6 just to the south and on the same side of Highway 53. Direct access from Highway 400 would be cut off in either direction, but Highway 400 drivers in either direction would be rerouted to the access point on Highway 53. Also, drivers could not exit at the easement point onto Highway 53; the only exits would be a lane entering Highway 400 northbound or another point on Highway 53 a short distance south.

In response to the petition, the Defendants argued that the reduced access to Highways 400 and 53 would negatively impact the business of the Wendy's restaurant, converting it from a "convenience" location to a "destination" location not suited to a fast-food restaurant. Therefore, they argued, they are entitled to consequential damages for the diminution in property value resulting from the reduced access to the Wendy's restaurant, in addition to the reduction in value of the easements themselves. The trial court ruled that the Defendants, as owners of Parcel 5, were not entitled to claim consequential damages for injury to Parcel 5 resulting from the taking of portions of an adjoining property, Parcel 6. The Defendants now appeal.

The Defendants argue that they are entitled to recover the diminution in market value of Parcel 5[3] in this action for condemnation of portions of Parcel 6. We disagree.

As the trial court pointed out in its order, this case is controlled by *Georgia Power v. Bray*,[4] which addressed a claim by a neighboring landowner seeking consequential damages arising from the condemnation of an easement to install power lines on the condemned property.[5] In that scenario, the Supreme Court of Georgia held that

> [c]onsequential damages to a contiguous tract of land having a different ownership from that in which the taking occurs may be real and may in fact exist, but a separate owner's claim for consequential damages to his land contiguous to the tract where the taking occurs cannot be asserted in a condemnation action. Consequential damages to "the remainder of

---

[3] (Citations and punctuation omitted.) *Dept. of Transp. v. Whitehead*, 253 Ga. 150, 152 (2) (317 SE2d 542) (1984) ("When a property owner's easement of access to a public road is interfered with, the measure of consequential damages is any diminution in the market value of the property by reason of such interference.") (punctuation omitted).

[4] 232 Ga. 558 (207 SE2d 442) (1974).

[5] See id. at 558-559.

the tract in which the taking occurs" are the only consequential damages that may be recovered in the condemnation action.[6]

Based on this rule, the Defendants here cannot recover consequential damages for Parcel 5 in this action because they do not own the condemned parcel, Parcel 6, and no part of Parcel 5 is being condemned. This ruling does not foreclose recovery in the present action of (a) the market value of the taken portion of the easements, and (b) damages reflecting the diminution in value, if any, of PHH's easements within Parcel 6 as those easements remain after the project.[7] Nevertheless, the Defendants cannot obtain damages reflecting the diminished value of Parcel 5, which damages must be recovered, if at all, in an action for inverse condemnation.[8]

---

[6] Id. at 560.

[7] See id. (clarifying that consequential damages to the remainder of the condemned tract are available). DOT concedes this in its appellate brief, noting that "[i]n the event that there is any damage to Appellants associated with the [temporary and permanent changes] by the DOT [to] those easements on the driveways, Appellants would have the opportunity to have the measure of that damage decided by a jury."

[8] See *Simon v. Dept. of Transp.*, 245 Ga. 478, 480 (265 SE2d 777) (1980) ("[D]amages to [uncondemned] property resulting from the condemnation of [a] neighbor's property, if compensable, must be sought in a separate action against the condemnor."). See, e.g., *Dougherty County v. Hornsby*, 213 Ga. 114, 116 (97 SE2d 300) (1957) ("[The] easement of access is a property right, of which the landowner can not be deprived upon the ground that the safety of the public traveling upon the

The cases relied upon by the Defendants do not demand a different result because they involve different factual scenarios. For example, in *S&S Food Svcs. v. DOT*,[9] this Court stated in dicta that a leaseholder might be entitled to consequential damages arising from the taking of an easement it used where its leasehold and easement were part of a single, larger parcel subject to condemnation.[10] Similarly, in *Circle K General v. DOT*,[11] the landowner survived summary judgment because it owned the tract at issue in the condemnation action, including an easement for access that was destroyed without a real substitute.[12] In contrast to both of those cases, the Defendants are not the owners of the condemned parcel, so their claim for consequential damages to their neighboring parcel is misplaced here.

highway may be endangered by the exercise of this easement by the abutting landowner, without just and adequate compensation being first paid to the owner. "); *Eastside Properties v. DOT*, 231 Ga. App. 217, 218-219 (498 SE2d 769) (1998) (inverse condemnation action).

[9] 222 Ga. App. 579 (475 SE2d 197) (1996).

[10] See id. at 581 (1).

[11] 196 Ga. App. 616 (396 SE2d 522) (1990).

[12] See id. at 617-618.

Based on *Bray* and the record before us, we discern no error in the trial court's grant of partial summary judgment to DOT precluding recovery of damages for the diminution in value to Parcel 5 in this action.[13]

*Judgment affirmed. Miller, P. J., and Reese, J., concur.*

---

[13] See *Simon*, 245 Ga. at 479-480.