### 33904. McArthur *et al. v.* State Highway Department.

Felton, J. There are only two elements of damages to be considered in a condemnation proceeding: first, the market value of the property actually taken; second, the consequential damage that will naturally and proximately arise to the remainder of the owner's property from the taking of the part which is taken and the devoting of it to the purposes for which it is condemned, including its proper maintenance and operation, and the measure of these consequential damages is the diminution in the market value of the remainder of the property proximately arising from these causes. Consequential damages to the remainder of the property caused by the negligent or improper construction of the improvement are not proper for consideration in a condemnation proceeding, but are the subject of a separate suit for damages. *Atlanta Terra Cotta Co.* v. *Ga. Ry. & Elec. Co.,* 132 Ga. 537 (5) (64 S. E. 563); *Central Georgia Power Co.* v. *Mays,* 137 Ga. 120 (4) (72 S. E. 900); *McCrea* v. *Ga. Power Co.,* 46 Ga. App. 276 (3) (167 S. E. 540); 29 C. J. S. 1029, § 161. Therefore, it was not error for the court to refuse to charge as complained of in special ground one of the amended motion for a new trial, and to charge as complained of in special ground two of the motion.

The court did not err in overruling the amended motion for a new trial.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*

Decided February 28, 1952.

*A. H. Burtz, Wood & Tallant,* for plaintiffs in error.
*Butt & Spence, O. L. Foster,* contra.