45534. PHOTOGRAPHIC BUSINESS & PRODUCT NEWS v. COMMERCIAL COLOR CORPORATION.

BELL, Chief Judge. 1. A "Xeroxed" copy of a letter addressed to the plaintiff and signed by a former official of defendant corporation, was not admitted in evidence on grounds that plaintiff had failed to account for the original writing. This ruling was not erroneous for any reason urged. A photocopy is ordinarily secondary evidence, which may not be admitted over objection without accounting for the original. *Cox v. State,* 93 Ga. App. 533, 535 (92 SE2d 260). The only foundation laid for its admission was the testimony of plaintiff's witness that the signature appearing on the reproduction was his. There was no evidence that the letter was kept and made in the regular course of business and that photocopy was made to preserve it permanently so as to authorize its admission under *Code Ann.* §§ 38-

710 and 38-711. *Martin v. Baldwin,* 215 Ga. 293 (4) (110 SE2d 344).

2. In this action on an account, plaintiff in his complaint alleged that defendant was indebted to it in the amount of $1,000. Defendant's answer alleged that it was not indebted to plaintiff in any sum whatsoever. The trial court heard the case without a jury. The only witness for plaintiff, a former vice president of defendant corporation, testified that defendant corporation had purchased a monthly ad in a publication of the plaintiff for a twelve month period at $275 per month and that six of the ads were published. He also testified that one payment of $275 "might have been made" but he was "not sure"; that he was not aware of what was paid on the account; that defendant did not have the money from month to month to pay the charges and this situation continued until he terminated his employment in August, 1968. No other evidence as to the existence of the account or the amount due upon it was adduced by plaintiff. Plaintiff conceded at trial that $275 had been paid. Defendant presented no evidence. The trial court entered judgment for defendant.

By denying that he was indebted to the plaintiff in any sum the burden of proof was cast upon plaintiff to prove every essential element of his cause of action. *Wilkes v. Arkansas Fuel Oil Co.,* 60 Ga. App. 775 (2) (5 SE2d 269). The plaintiff's evidence was vague and too indefinite to establish that defendant was indebted to it in any certain amount. *Wolfe v. Brown-Wright &c. Corp.,* 87 Ga. App. 12 (73 SE2d 82). The failure to make a prima facie case for recovery demanded a judgment for defendant.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*
Submitted September 8, 1970—Decided November 13, 1970.

*Lipshutz, Macey, Zusmann & Sikes, Bartow Cowden, III,* for appellant.

*Harry James Beecham,* for appellee.