## 52999. TAM et al. v. NEWSOME et al.

MARSHALL, Judge.

Appellee brought this suit against a swimming pool company and its operators for negligent construction of a swimming pool installed at appellee's residence. The evidence showed that the pool began to leak after it was installed by defendants, and, in spite of several attempts by defendants to repair the defects, the pool was not repaired. In his complaint, appellee sought $2,000 compensatory damages and $2,000 exemplary damages, attorney fees and costs. The jury returned a verdict against defendants of $2,000 compensatory damages (later adjusted by the trial judge to $1,965) and $750 attorney fees. Defendants appeal from a denial of their motion for judgment n.o.v., contending (1) the verdict of compensatory damages was without evidence and (2) the award of attorney fees was unwarranted and not supported by the evidence. *Held:*

1. In establishing compensatory damages, appellee called as a witness a pool repairman who had done some repair work on the pool at appellee's expense of $500. He testified that to do a complete repair job would cost an additional $1,465. On cross examination, he testified that this estimate was based, in part, on his having to dig up a four foot sidewalk around the pool, which the witness subsequently discovered did not have to be done. For this reason, appellants contend the damages were so uncertain and speculative as not to have any probative value.

On direct, the witness specified in detail the work included under the $1,465 estimate. Having stated the facts upon which his estimate was based, the opinion was admissible. Code § 38-1708; *Brookhaven Supply Co. v. DeKalb County,* 134 Ga. App. 878 (4) (216 SE2d 694). The probative value and weight to be given the evidence and the credibility of the witness are matters to be determined by the jury. *Hansberger Motor Transp. Co. v. Pate,* 51 Ga. App. 877 (2) (181 SE 796); *Hays v. State,* 16 Ga. App. 20 (5) (84 SE 497). Matters which the witness may have overlooked, omitted or inaccurately assessed in reaching his opinion were appropriate subjects for cross

examination (*Brookhaven Supply Co. v. DeKalb County,* 134 Ga. App. 878 (2), supra), but do not divest the evidence of all probative value. The evidence was sufficient to support the damages awarded, as adjusted by the trial judge.

2. Appellants also complain that the award of attorney fees was unwarranted in that there was no bad faith on their part, and that even if warranted, the amount of the award was not proved in that plaintiff's attorney did not testify as to how much time and work he spent on the case.

In his complaint appellee alleged that appellants misrepresented to appellee that the pool would be completed and usable and constructed in a workmanlike manner, and the misrepresentation was wilful, deceitful, fraudulent, reckless, and in bad faith, and made to induce appellee to purchase the swimming pool. This is an allegation that the bad faith arose out of the transaction as required by Code § 20-1404. See *Thibadeau Co. v. McMillan,* 132 Ga. App. 842 (1, 2) (209 SE2d 236). There was sufficient evidence to support a charge and finding of bad faith in plaintiff's testimony that the swimming pool, as installed, was not what it was represented to be by appellants at the time of sale, and that appellants ultimately failed to satisfactorily correct the defects as it said it would do at the time of sale. See *Shen v. Bruce,* 113 Ga. App. 483 (2) (148 SE2d 496).

In establishing the proof of attorney fees, counsel for plaintiff called as a witness his law partner who, after laying the foundation of his lengthy experience in trial practice, testified that the hourly rate for attorneys in the local area, with ten or more years experience in trial work was $50 per hour, and that from his own experience and his familiarity with the file in this case the amount of time reasonably spent by such a lawyer in preparing for and trying this case would be at least 30 hours. Such was sufficient evidence to support the damages awarded for attorney fees in the amount of $750. See *Bankers Health &c. Ins. Co. v. Plumer,* 67 Ga. App. 720 (2) (21 SE2d 515). 2 AmJur, Proof of Facts, Attorney's Fees, 233.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED NOVEMBER 3, 1976 — DECIDED
JANUARY 25, 1977.

*Lawton Miller, Jr.,* for appellants.
*Robert S. Slocumb,* for appellees.