## 58268. DeKALB COUNTY v. COWAN.

Banke, Judge.

DeKalb County initiated this action to acquire a strip of land owned by the condemnee, along with certain temporary and permanent easements, for road improvement purposes. The property was part of a larger parcel of land on which the condemnee operated an antique business. The condemnee objected to the amount of compensation paid into court by the county, alleging that the temporary and permanent easements taken resulted temporarily in a complete loss of access to the property, which in turn resulted in the destruction of his business. The county appeals following a jury verdict favorable to the condemnee. *Held:*

1. The enumerations of error attacking the sufficiency of the evidence are without merit. There was evidence to support a finding that the condemnee had experienced a temporary total loss of access to his property as a direct result of the takings and that as a result he was forced to close down his business. This evidence did not, as suggested by the county, show merely a temporary inconvenience caused by the construction process. The jury was authorized to find from the evidence that as a necessary result of the taking and the construction of the street improvements the condemnee suffered a total temporary loss of use of his property, resulting in the destruction of his established business. This was an item of damage for which he was entitled to be compensated. *Whipple v. County of Houston,* 214 Ga 532 (1) (105 SE2d 898) (1958). See generally *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884) (1966).

2. The fourth enumeration of error complains of the admission of a photograph showing a barricade used during the construction of the street improvements. Although the photograph was identified and discussed by at least one witness, we find no indication in the transcript that it was actually tendered or received into evidence. Consequently, this enumeration of error is without merit.

3. A duly qualified expert may state his opinion as to value without the necessity of stating the facts on which

his opinion is based. *Rowe v. City Council of Augusta,* 119 Ga. App. 571 (1) (168 SE2d 209) (1969); *Housing Authority v. Starcher,* 149 Ga. App. 402 (3) (254 SE2d 515) (1979). Where the expert testifies that his opinion is based in part on a personal inspection of the property, it is no ground for objection that his inspection was made subsequent to the taking. *Howard v. State Hwy. Dept.,* 117 Ga. App. 280 (2) (160 SE2d 204) (1968); *State Hwy. Dept. v. Peters,* 121 Ga. App. 167 (1), 169 (173 SE2d 253) (1970). See generally Code § 38-1710. The fifth enumeration of error is without merit.

4. It was not error to allow expert testimony as to the rental value of the property over the county's objection that the figure was based on the rental value of other property which was not shown to be comparable. The comparability of the other property was a matter going to the weight to be given the testimony, not its admissibility. See *Hollywood &c. Church v. State Hwy. Dept.,* 114 Ga. App. 98 (4) (150 SE2d 271) (1966); *Merritt v. Dept. of Transp.,* 147 Ga. App. 316 (3) (248 SE2d 689) (1978), revd. on other grounds; *Dept. of Transp. v. Merritt,* 243 Ga. 52 (252 SE2d 508) (1979). The testimony was relevant on the issue of consequential damages for the temporary loss of use of the property.

5. No error appears with regard to the county's objection to the condemnee's statement that he had lost access to Old Stone Mountain Road, since the transcript reveals that the objection was sustained.

6. There was no error in allowing condemnee's Exhibit D-22 into evidence, since the county made no objection at the time the exhibit was tendered and received into evidence.

7. There was some evidence tending to show that the property had a unique suitability, due to its location, for the purpose to which it was being put, i.e., the operation of an antique store. Therefore, it was not error to instruct the jury that they were not restricted to market value in determining just and adequate compensation. "A jury verdict will not be reversed on the ground that an otherwise correct and applicable principle of law is not supported by evidence if there is any evidence, direct or circumstantial, from which an inference is authorized to

which the instruction relates. It was not error in this condemnation case, after defining market value and instructing the jury that this is ordinarily the measure of damages, to further state in effect that if the jury found the property to have a unique or special use to the owner they should determine just and adequate compensation without restricting themselves to market value as such." *Housing Authority v. Troncalli,* 111 Ga. App. 515 (142 SE2d 93) (1965).

8. It was not error to charge that the condemnee could recover compensation for the loss of use of his property during the period of construction by the county, based on its rental value during that time. (See Division 4, supra.) The court correctly charged the jury that they would first have to find that a loss of use had occurred and that the condemnee had taken reasonable steps to avoid such loss. Contrary to the county's contention, the charge did not authorize an award for mere inconvenience but was restricted to total loss of use.

9. There was some evidence to support the court's charge that the condemnee could recover for loss of access if the evidence showed that his access had been substantially interfered with. Accordingly, the county's contention that his charge was unsupported by the evidence is without merit.

10. In two enumerations of error, the county complains of the trial court's failure to consolidate this condemnation case for trial with a separate civil action in which the condemnee sought to recover damages sustained during the construction process based on negligence and trespass. The law in this state is that damages to the remainder of the property caused by negligence or trespass in the construction process may not be considered in a condemnation proceeding but must be determined in a separate lawsuit. *McArthur v. State Hwy. Dept.,* 85 Ga. App. 500 (69 SE2d 781) (1952); *Ga. Power Co. v. Jones,* 122 Ga. App. 614 (2) (178 SE2d 265) (1970). These enumerations of error are accordingly without merit.

11. The county's final enumeration of error is directed towards the trial court's failure to try the case at the first term following the filing of the notice of appeal in

the trial court, as required by Code Ann. § 95A-612. However, this alleged error was never made an issue at trial; consequently, no question is presented for review by this court on appeal. *Hanover Fire Ins. Co. v. Scroggs,* 90 Ga. App. 539 (2) (83 SE2d 295) (1954); *Carroll v. Johnson,* 144 Ga. App. 750 (3) (242 SE2d 296) (1978).

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED SEPTEMBER 24, 1979 — DECIDED OCTOBER 16, 1979 —

*George P. Dillard, Gail C. Flake,* for appellant.
*James Garland Peek, J. Corbett Peek,* for appellee.