66696. WILLIAMSON et al. v. DeKALB COUNTY BOARD OF TAX ASSESSORS.

BANKE, Judge.

For 1982 ad valorem tax purposes, the DeKalb County Board of Tax Assessors assessed the fair market value of a residential condominium owned by the appellants at $24,400, up from $13,900 the previous year. The increased assessment was upheld on appeal to the DeKalb County Board of Equalization, and the appellants then appealed to the superior court. Following an evidentiary hearing, the superior court entered an order setting the fair market value of the property for 1982 ad valorem tax purposes at $21,500. This appeal followed. *Held:*

1. The trial court did not err in determining that the county's valuation witness was competent to testify as an expert. The witness stated that she had been an appraiser of single-family residential property for the board of tax assessors since 1976, that she was certified by the state to perform this work, that she had taken training courses in the field, and that she was familiar with real estate values in the area where the subject property was located. This was sufficient to enable the trial court, in the exercise of its discretion, to determine that she was qualified to offer an expert opinion as to the market value of residential real estate in the area. See generally *Hogan v. Olivera,* 141 Ga. App. 399, 401 (233 SE2d 428) (1977). The fact that the witness subsequently testified that she would pay the same amount for a "torn up" condominium unit as for one that was not in disrepair did not require the court to change its ruling as to her competency, nor did it otherwise divest her testimony of all probative value. Rather, this statement merely went to the weight to be given

her testimony. Cf. *Tam v. Newsome,* 141 Ga. App. 76 (1) (232 SE2d 613) (1977).

2. The trial court did not err in refusing to admit into evidence an "income analysis" prepared by the appellants, purporting to establish the value of the property pursuant to the income method of valuation, based on the amount of rental income being derived from it.

OCGA § 48-5-6 (Code Ann. § 91A-1007) provides that "[a]ll property shall be returned for taxation at its fair market value." Accord OCGA § 48-5-1 (Code Ann. § 91A-1001). " '[F]air market value of property' means the amount a knowledgeable buyer would pay for the property and a willing seller would accept for the property at an arm's length, bona fide sale . . ." OCGA § 48-5-2 (1) (Code Ann. § 91A-1001).

The fact that the property may in fact be rented for an amount which is disproportionate to its fair market value does not, in and of itself, entitle the owner to an assessment based on some other method of valuation. "Thus, if the subject property 'would otherwise be subject' to taxation at its fair market value, that right cannot be defeated by private agreements which establish as between private parties the amount of income which will be derived from the 'use' of the property." *Martin v. Liberty County Bd. of Tax Assessors,* 152 Ga. App. 340, 342-343 (262 SE2d 609) (1979).

3. The appellants filed a "motion to dismiss" based on the failure of the board of equalization to set a hearing date on their appeal within 15 days of receipt of their notice of appeal from the decision of the board of tax assessors, as required by OCGA § 48-5-311 (e) (6) (A) (former Code Ann. § 91A-1449 (e) (6) (A)). The appellants enumerate as error the trial court's denial of this motion.

Both the proceedings in the superior court and the proceedings before the board of equalization were, of course, initiated by the appellants; and, had the case been dismissed at either stage, the decision of the board of tax assessors which the appellants were attempting to overturn would have remained in effect. The denial of the motion to dismiss was consequently favorable to the appellants and establishes no ground for reversal of the trial court's judgment.

4. Finally, the appellants contend that certain "property cards" allegedly submitted by the board of tax assessors for the purpose of showing comparable sales were inadmissible because they did not reflect whether the sales were made for cash or on terms. The transcript contains no such documents and does not reflect that any such documents were introduced into evidence. This enumeration of error evidently has reference to an objection which was interposed to the testimony of the board's expert witness on the ground that she

could not state whether the comparable sales on which her opinion was based were for cash or on terms; however, we are cited to no authority which would tend to support such an objection. " 'Exact similarity is not generally attainable, and any dissimilarities in the lands or their transfer are matters which go to the weight to be given ... to the evidence of the transfer.' (Cits.)" *Macon-Bibb County Water & Sewerage Auth. v. Reynolds,* 165 Ga. App. 355, 357 (299 SE2d 592) (1983).

*Judgment affirmed. Deen, P. J., concurs. Carley, J., concurs in Divisions 1, 3, 4, and in the judgment.*

DECIDED SEPTEMBER 19, 1983.

Richard R. Williamson, *pro se.*
*Richard W. Calhoun,* for appellee.