### 68094. DEPARTMENT OF TRANSPORTATION v. CLOWER et al.

DEEN, Presiding Judge.

The Department of Transportation brings this appeal in a condemnation case from a judgment entered on a jury verdict which awarded $87,000 as the value of the land, $1,300 for a temporary construction easement, and $7,583.33 as consequential damages to the remainder property in favor of the Clower estate; $15,000 as the value of the leasehold interest of Arnold J. Rich, and $50,000 for the loss of profits of Al-An, Inc.

1. Al-An, Inc., was a sub-tenant of Arnold J. Rich and operated a liquor store in a building located on property owned by the Clower estate. At trial, the president of Al-An testified as to the corporation's business losses and substantiated his claim by introducing into evidence photocopies of the corporation's federal tax returns for 1972-80 inclusive. Appellant objected, contending that the photocopies were not the best evidence and that no adequate showing had been made to account for the originals.

The witness testified that all matters contained in the tax forms were correct and true to the best of his knowledge, that he signed the originals under penalty of perjury before sending them to the Internal Revenue Service, and that they were prepared by the corporation's accountant from information which he supplied and which was based on the corporation's business records. He further testified that he did not attempt to obtain the originals from the Internal Revenue Service so they could be introduced into evidence.

Appellant's reliance upon *Photographic Business & Prod. News v. Commercial Color Corp.*, 122 Ga. App. 825 (178 SE2d 922) (1970), is misplaced. In that case, there was no evidence that the letter was kept and made in the regular course of business and the photocopy was made to preserve it permanently. OCGA § 24-5-26 (Code Ann. § 38-710) permits "[a]ny photostatic, microphotographic or photographic reproduction of any original writing or record made in the regular course of business to preserve permanently by such reproduction the writing or record shall be admissible in evidence . . . in lieu of and without accounting for the original of such writing or record." In the instant case, appellee showed that the documents were made in the regular course of business and that the photocopies were a part of the corporation's business records. This enumeration is without merit.

2. Appellant's second enumeration of error contends the trial court erred in instructing the jury regarding consequential damages

because the instruction was misleading in that the term "consequential damages" was not defined in sufficient detail for the jury to comprehend and understand the terminology.

In giving the charge on consequential damages, the trial court did not rely upon the charge set forth by the Council of Superior Court Judges of Georgia in *Suggested Pattern Jury Instructions, Civil Cases*, Vol. I, p. 50, which tracks the provisions of OCGA § 22-2-63 (Code Ann. § 36-504). Instead, the court charged: "the owner of the land that has been taken by the state is entitled to compensation for any loss in the value of the remaining portion of his land which has not been taken. Thus, if you find that the remaining land not taken has been reduced in value as a consequence of the condemnation, then you should award consequential damages to the Clower estate in addition to the value of the building and land taken by the State of Georgia."

The Clower estate contends that the condemnor's exception to the charge did not state the specific grounds of objection and apprise the trial court of the correction needed to cure the alleged error, as required in *Ga. Power Co. v. Maddox*, 113 Ga. App. 642 (149 SE2d 393) (1966). We would like to point out that the holding in that case was specifically disapproved and overruled in *A-1 Bonding Service v. Hunter*, 125 Ga. App. 173 (186 SE2d 566) (1971), a whole court case. In *Christiansen v. Robertson*, 237 Ga. 711, 712 (229 SE2d 472) (1976), the Supreme Court overruled the test set forth in *Ga. Power Co. v. Maddox*, supra, and approved the test in *A-1 Bonding Co. v. Hunter*, supra, holding that Code Ann. § 70-207 (a) (presently OCGA § 5-5-24 (a)) "does not demand a formalistic, technically perfect objection. The only requirement is that the grounds of the objection be stated distinctly enough for a 'reasonable' trial judge to understand its nature, enabling him to rule intelligently on the specific point." The holding in *Ga. Power Co. v. Maddox*, supra, was recently followed in *Stone v. Burell*, 161 Ga. App. 369 (288 SE2d 636) (1982). While the latter case was mistaken in its reliance upon *Ga. Power Co. v. Maddox*, supra, the objection there lacked any specificity even under the relaxed standard to enable a reasonable trial judge to understand its nature and rule on it intelligently and represents a correct ruling.

We find that the condemnor made a valid objection to the charge and that his assertion is correct. Under OCGA § 22-2-63 (Code Ann. § 36-504), the assessors are required to assess the value of the property "taken or used, or damage done," and also to assess the consequential damages to the property not taken, and "deduct from such consequential damages the consequential benefits to be derived [by the condemned property] . . . provided that the consequential benefits assessed shall in no case exceed the consequential damages assessed." See *Dept. of Transp. v. Knight*, 143 Ga. App. 748 (240 SE2d 90)

(1977).

Although the trial court charged the jury that the owner of land is entitled to just and adequate compensation for property which is condemned, at no point in the charge did the court define the term "consequential damages." Moreover, the charge as given is vague in charging the method of determining consequential damages because it merely charges the jury that if they find that the remaining portion of the land not taken has been reduced in value by the condemnation consequential damages can be awarded. "The proper measure of consequential damages to the remainder is the diminution, if any, in *the market value* of the remainder in its circumstance just prior to the time of the taking compared with its market value in its new circumstance just after the time of the taking." *Wright v. MARTA*, 248 Ga. 372, 376 (283 SE2d 466) (1981). (Emphasis supplied.) In charging on direct damages to the property taken, the court instructed the jury to first determine the fair market value on the date of the taking and then instructed them that they could also consider "the value which the thing taken has to the respective owners of the interests being condemned." The charge on consequential damages, as given, would authorize the jury to apply any value they chose to the property and is therefore too vague. We must therefore reverse that portion of the judgment which awards consequential damages to the Clower estate.

3. Appellant's final enumeration complains that the evidence does not establish uniqueness in order to support an award for lost profits and diminution of business. Evidence of uniqueness must be shown to justify an award to the appellee for the destruction of his business. *Downside Risk v. MARTA*, 168 Ga. App. 202, 204 (308 SE2d 547) (1983). "[U]nique property is simply property which must be valued by something other than the fair market value standard." *Housing Auth. of Atlanta v. Sou. R. Co.*, 245 Ga. 229, 230 (264 SE2d 174) (1980); *Heilman v. Dept. of Transp.*, 162 Ga. App. 547, 548 (290 SE2d 189) (1982). "Whether or not property is unique is a jury question. [Cits.]" *Dept. of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314, 315 (265 SE2d 10) (1980).

In the instant case, the character of the condemned property was described by appellant's appraiser, who also testified as to the area's characteristics and the licensing requirements for operating a package store. Appellee Al-An's president testified that the area to the rear of the store was residential and supplied a great deal of walk-in business, that many customers stopped and traded with him because of the stoplight on the corner, that many came from the commercial street on which the store fronted, and that business had increased after the nearby MARTA rail station opened. He further testified that he began to look for suitable property upon which to locate a second store approximately one year prior to the condemnation and

that he entered into an agreement to obtain suitable property and subsequently made application for the necessary business licenses some four to five months before the condemnation. As a result of the condemnation, he lost his old and good customers, but was able to use some of his equipment and inventory at his new store. However, he still intended to open a second store and was looking for a suitable location. He testified that the property remaining after the condemnation was not suitable for the relocation of his original business. This enumeration is without merit as the jury had ample evidence from which to find that the property was unique and thus support an award for lost profits.

4. The Clower estate has filed a motion for the award of 10 percent damages for a frivolous appeal as to that portion of the appeal which deals with its interests. The motion is denied.

*Judgment reversed in part and affirmed in part. McMurray, C. J., and Sognier, J., concur.*

DECIDED APRIL 12, 1984 —
REHEARING DENIED APRIL 30, 1984 — 

*Lenwood A. Jackson,* for appellant.
*David Betts, Donald B. DeLoach, Mose S. Hayes, Jr., Keith E. Fryer,* for appellees.