69795. JOTIN REALTY COMPANY, INC. v. DEPARTMENT OF TRANSPORTATION.
(331 SE2d 605)

BEASLEY, Judge.

The Department of Transportation filed a declaration of taking on November 14, 1979, and acquired certain real property owned by Jotin Realty Co., Inc. This property consisted of 2.948 acres on which was situated an office/warehouse facility of approximately 50,000 square feet that had been rented to a large corporation for several years. A jury trial on the issue of just and adequate compensation took place nearly four years after the taking. The jury returned a verdict in favor of the condemnee in the amount of $796,902. Both parties filed a motion for new trial, and the motions were denied. Jotin appeals.

1. During the course of the trial, the condemnee sought to present portions of the deposition of Alvin R. Weeks, who was deceased at the time of trial. The desired testimony went to the witness' opinion of the value of the condemned property and the basis for Weeks' opinion. The Department of Transportation objected, contending that the witness' opinion of value was based on an incorrect and impermissible standard. Appellant contends that the trial court erred in sustaining the objection and excluding all of the proffered deposition

testimony.

There appears to be no question that Mr. Weeks was an expert and also that he possessed a foundation for an opinion on the subject of interest here. He stated he had been an investor, primarily in real estate in Atlanta, since 1964, and he owned approximately two and one-half million square feet of commercial office buildings and hotels, plus 500-600 undeveloped acres of land in and around metro Atlanta. He built and developed 300,000-700,000 square feet of commercial space every year, he built and owned the Honeywell Center on Interstate 85 and Interstate Industrial Park, and he had been trained through experience in dealing in real estate for "the last 20 odd years" buying and selling commercial property. In addition to his experience, Weeks had personally examined the property and building in question on several occasions in 1977 and 1978 or 1979 and was thoroughly familiar with the building, its construction and condition. In forming his opinion on value, Weeks stated he relied on his own experience and knowledge, which included knowledge of the sales of similar property in the area.

The court held that the witness' testimony was irrelevant and without probative value because he couched his opinion in terms of "what I would pay for it" or "what it would be worth to me."

"In condemnation proceedings brought under Ch. 36-3[1] of the Code the only issue before the assessors or a jury on appeal is the amount of compensation to be paid for the property taken. . . ." *B & W Hen Farm v. Ga. Power Co.*, 222 Ga. 830, 831 (1) (152 SE2d 841) (1966). The law regarding highway takings expressly provides that when appeal is made by the condemnee, "it shall be the duty of the court . . . to cause an issue to be made and tried by a jury as to the value of the property or interest taken. . . ." OCGA § 32-3-16 (a). The "value" referred to is "the fair market value of the property or interest taken." OCGA § 32-3-16 (b) (1). Thus the procedural statute provides "a de novo investigation [jury trial] with the right of either party, under the rules of evidence as provided for in the general laws of this state, to introduce evidence concerning: (1) The fair market value of the property or interest taken or other evidence of just and adequate compensation." OCGA § 32-3-16 (b) (1). The latter alternative relates to property having a unique or special use. *DeKalb County v. Cowan*, 151 Ga. App. 753, 754-555 (7) (261 SE2d 478) (1979).

Thus the issue here was the fair market value. As stated in *White v. Georgia Power Co.*, 237 Ga. 341, 343 (1) (227 SE2d 385) (1976):[2]

---

[1] Now OCGA Title 22, applicable also to acquisitions of property for transportation, pursuant to OCGA § 32-3-2.

[2] Overruled on other grounds, i.e., issue of attorney fees, *Hardy v. State*, 242 Ga. 702

"First, it shall be the duty of the fact finder . . . to determine the fair market value of the property actually taken." What is meant by "fair market value" is as defined in the charge recited in *Housing Auth. of Calhoun v. Spink*, 91 Ga. App. 72, 75 (85 SE2d 80) (1954): "what [the property] will bring when sold for cash by a person ready and willing to sell, but under no obligation to sell, and when bought by a person ready and willing to buy, but under no obligation to buy."

"Direct testimony as to market value is in the nature of opinion evidence." OCGA § 24-9-66. The opinions of experts on such a question are admissible. OCGA § 24-9-67. *DeKalb County v. Cowan*, supra at 753 (3); *State Hwy. Dept. v. Sinclair Refining Co.*, 103 Ga. App. 18 (118 SE2d 293) (1961).

There is little question that the witness was an expert as to property values in the area. As an expert, of course, he could state his opinion in his area of expertise. *White v. Ga. Power Co.*, supra at 341. But that was not the primary objection. Nor was the objection that he did not have a proper basis for forming an opinion as to fair market value. Rather, what was objected to was that his opinion as to value was irrelevant because it related merely to what the property was worth to *him* and what *he* would pay for it. That is, the testimony, the condemnor complained, was not focused on fair *market* value but rather on what he, a particular and singular member of the market, but with very individualized habits, goals, and personal judgments as to investments, would pay.

The dilemma was occasioned by the fact that Weeks had not been asked on deposition expressly what his opinion was of the fair market value. This shortfall was apparently occasioned by the fact that the witness' deposition had been taken for discovery, without thought that it would have to be used in lieu of his live testimony at trial due to his intervening death. Thus there was no opportunity to correct the shortcoming.

Market value may be established by circumstantial as well as direct evidence. *C & S Nat. Bank v. Williams*, 147 Ga. App. 205 (249 SE2d 289) (1978); *Grant v. Dannals*, 87 Ga. App. 389, 391 (1) (74 SE2d 119) (1953). The jury is the ultimate determiner of fair market value. *Dept. of Transp. v. Brown*, 155 Ga. App. 622 (271 SE2d 876) (1980). Also in that case, the court held that a property owner may give his opinion as to the value of his own property after testifying to his familiarity with it and other land in his vicinity, and that the value he set upon it was the value to himself. Such testimony did not destroy the probative value of his testimony, as it was merely a factor for the jury to take into account. In *Williamson v. DeKalb County*

(251 SE2d 289) (1978).

*Bd. of Tax Assessors*, 168 Ga. App. 47 (308 SE2d 55) (1983), the fact that an expert witness "testified that she would pay the same amount for a 'torn up' condominium unit as for one that was not in disrepair" did not affect her competency to testify as an expert witness or divest her testimony of all probative value. "Rather, this statement merely went to the weight to be given her testimony. Cf. *Tam v. Newsome*, 141 Ga. App. 76 (1) (232 SE2d 613) (1977)." Here, the witness' opinion of what he would pay and what it would be worth to him, in the context of the market existing at that time and in the context of his being an active and substantial participant in that market, is probative of fair market value. That is, such opinion would enlighten the jury with regard to the fact they are to find, should they choose to accept his analysis. An examination of the entire deposition, including the parts tendered, reveals that the witness was talking in terms of the market and the valuation he put on the property, which valuation was broken down into some detail, based on that market. He gave his opinion as to its rental value so as to establish value based on income, and he gave his opinion as to cost of then constructing such a building, including the cost of the land and landscaping, so as to establish value based on this method also. All of this was at least relevant and probative circumstantial evidence which the jury should have been permitted to consider in establishing the fair market value of the property when taken in November 1979. The witness' testimony was not inadmissible just because he did not give direct evidence of the fair market value.

That ultimate question was the jury's to answer. Thus they should be permitted to "consider the nature of the property involved and any other facts or circumstances within their knowledge in arriving at a verdict . . . [w]hat the witness 'considers or regards' to be the value of property is at least an expression of opinion, and such evidence may be considered by the jury. [Cit.]" *Grant v. Dannals*, supra at 391.

Thus, it was error to exclude this evidence.

2. In his final enumeration of error, appellant challenges the trial court's charge to the jury that they could not consider the replacement-cost-less-depreciation method of assessing value unless they found that the market/comparable sales and income methods were "not suitable."

The court charged the jury that "the measure of damages for property taken by eminent domain is ordinarily the fair market value of that property. Generally, the fair market value is determined by the market approach or the income approach. The determination of fair market value by the replacement-cost-less-depreciation method should be limited to those situations where you find that the market approach or income approach is not suitable." This charge is not cor-

rect. For one thing, the charge limited the jury's utilization of the replacement-cost-less-depreciation method to those situations where the market or income approach is "not suitable." In *Almond v. MARTA*, 161 Ga. App. 363, 364 (288 SE2d 129) (1982), this court noted that there were three recognized methods of establishing the market value of a designated piece of property: the comparable sales or "market" approach, the income approach, and the replacement-cost-less-depreciation approach. It is clear from the holding in *Almond v. MARTA*, supra at 363 (1), that all three methods are of equal efficacy, assuming, of course, that there was evidence of record which would authorize a charge as to each. At no point in the charge in the present case does the court explain the three alternative methods of valuing property, what each method entails, and when and how each method should be applied to the facts as the jury may find them. Accordingly, we find this charge deficient and disapprove of its use.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 25, 1985 —
REHEARING DENIED MAY 22, 1985 — 

*James Garland Peek, J. Corbett Peek, Jr.*, for appellant.

*Michael J. Bowers, Attorney General, James P. Googe, James P. Howell, Marion O. Gordon, Roland F. Matson, John R. Strother, J. Matthew Dwyer, Jr., James S. S. Howell, Beryl H. Weiner, Assistant Attorneys General*, for appellee.