## 71918. DEPARTMENT OF TRANSPORTATION v. OLD NATIONAL INN, INC. et al.

### (345 SE2d 853)

BEASLEY, Judge.

Appellant-condemnor Department of Transportation (DOT) filed a declaration of taking against property owned by appellee-condemnee Old National Inn, Inc. (Old National). Old National was dissatisfied with the amount of the estimated compensation, $180,760, and filed a notice of appeal and answer. A jury awarded "just and adequate compensation" of $324,000 for both actual and consequential damages, and the judgment required DOT to deposit the additional amount into the court registry. DOT's amended motion for new trial was denied, and it appeals.

1. DOT contends as error the striking of a portion of the testimony of two of its expert witnesses pertaining to the calculation of consequential damages.

Old National operates a Holiday Inn hotel which had been constructed in 1981 with a view toward future expansion. The common areas and equipment were expressly designed to accommodate additional units. DOT concedes that the prospect for expansion is a reasonable probability.

The land taken by DOT consisted of .8 acre that adjoined the hotel, with frontage on Old National Highway, and its intended use was as additional surface parking whenever the proposed expansion would occur.

DOT's appraiser expert witness, Upton, testified that at some time there would be a market for future expansion and diminution of future parking capacity due to taking of the property created consequential damages to the remainder. Upton originally assessed consequential damages at $233,600 representing the cost of constructing a parking deck over the existing parking lot on the remainder of the property. An alternative remedy, he said, would be to acquire an additional acre of property for a surface parking lot. Contiguous land was available for sale behind the hotel. Assuming an acquisition of the rear acreage, Upton calculated consequential damages at $10,000. He stated that the revision in his appraisal assumed that there is a legal basis for off-setting consequential damages against the land to be acquired.

A second DOT expert witness, Schultz, testified that he originally calculated consequential damages at $237,600, the cost of constructing a parking garage on the existing site. However, since adjacent land was available for $150,000 an acre, he also revised his computation of consequential damages downward to $13,080.

Schultz revised his calculations when he was provided by DOT with an option for Old National to purchase the adjacent acre. He

calculated consequential damages by taking the cost of replacement land and subtracting from that the value of the land that was taken. This appraisal assumed Old National's purchase of the additional acre with its own funds or with funds received from the taking of the .8 acre.

Both experts were requested by DOT to revise their original calculations based on the existence of the option; neither had previously used this method of appraisal.

Old National moved to strike the testimony of Upton and Schultz, claiming that their revised figures were based on an improper measure of consequential damages. The trial court agreed and advised counsel that it would instruct the jury to disregard the experts' testimony only as it pertained to off-setting the actual damages against the value of the substituted land.

The trial court granted the motion and instructed the jury to disregard the two experts' revised calculations of consequential damages (the value of the taking minus the value of the substituted land). The court further instructed that the jury may or may not find any consequential damages as a result of the taking and that the value of any substituted land may be considered in determining the measure of any consequential damages.

Article I, Sec. III, Par. I of the Georgia Constitution provides *inter alia* that "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." There are two elements of just and adequate compensation for a partial taking of property by condemnation: (1) the market value of the portion actually taken, and (2) the consequential damage, if any, to the remainder. *Simon v. Dept. of Transp.*, 245 Ga. 478 (265 SE2d 777) (1980).

The proper measure of consequential damages to the remainder is the diminution, if any, in the market value of the remainder in its circumstance just prior to the time of the taking compared with its market value in its new circumstance just after the time of the taking. *Wright v. MARTA*, 248 Ga. 372, 376 (283 SE2d 466) (1981); *Simon*, supra. Fair market value is defined as the price that a seller who desires but is not required to sell and a buyer who desires but is not required to buy would agree is a fair price after due consideration of all the elements reasonably affecting value. *Wright*, supra at 375; *Housing Auth. of Savannah v. Savannah Iron &c. Works*, 91 Ga. App. 881, 887 (87 SE2d 671) (1955).

The measure of actual damages and the measure of consequential damages after a partial taking are two distinct bases for compensation to the condemnee and are to be calculated separately using two different formulae. "Actual value is determined separately from consequential damages which may be added to but cannot be deducted

from the value of the part taken." *Dept. of Transp. v. Gunnels*, 175 Ga. App. 632 (334 SE2d 197) (1985), rev'd 255 Ga. 495 (340 SE2d 12) (1986).

There was no dispute as to the actual damages to the condemned acre. The issue in question was the measure of compensation owed to Old National for consequential damages to the remainder after the taking. In determining whether consequential damages resulted, and if so in what amount, we apply the definition provided in *Wright v. MARTA*, supra at 376: "[T]he diminution, if any, in the market value of the remainder in its circumstance just prior to the time of the taking . . ." (The market value of the property just prior to the time of taking included the .8 acre, giving condemnee the capability of additional parking upon future expansion of the hotel.) "[C]ompared with its market value in its new circumstance just after the time of the taking." (After the taking, that .8 acre was gone as was its availability for parking upon future expansion.) Condemnee is to be compensated in actual damages for the property taken, but that amount is not considered in calculating consequential damages. The fact finder must look only to the market value of the remainder in its new circumstance after the taking and compare that amount to the market value of the property prior to the taking. Since "new circumstance" was to be considered, the availability of the adjacent acre suitable for the same use, to replace the one taken was relevant in determining the degree and amount of consequential damages to the remainder. The jury was made aware of the existence of the adjacent acre and the option for its purchase.

Old National was not seeking loss of future profits which might have resulted from its inability to expand. Instead, it was asking for adequate compensation which would permit it to correct the parking deficit, thereby eliminating future losses and in that way mitigating the damages. When the option was presented to it, Old National made certain revisions and returned it to the seller in an effort to effect a purchase of the property.

The jury heard testimony that there were two possible means of correcting the parking deficit. Old National could construct a parking deck on the remainder property or acquire an adjacent acre for surface parking. There was expert testimony as to the estimated costs for each. The jury was then charged with the responsibility of determining what, if any, consequential damages to the remainder were suffered by Old National. DOT's argument that the condemnee is required to purchase the replacement acre from the funds awarded in actual damages is without merit. The condemnee has no duty to expend actual damage funds to reduce consequential damages. Moreover, the condemnor indirectly admitted as much. The experts' testimony regarding the cost of the parking deck was presented as one

alternative, and DOT did not insist that the actual damages be used for its erection or deducted from the cost of it. Since the adjacent lot would simply be another alternative, there is no reason to deduct the actual damages from it either.

The trial court correctly instructed the jury to disregard the opinion testimony of Upton and Schultz that consequential damages are determined by calculating the actual taking and subtracting from that figure the value of the substituted land. This method of calculation is without a legal basis.

Although the set-off theory as testified to by DOT's experts was improper, the availability and value of any substitute land can be considered as an element reasonably affecting fair market value of the remainder as well as an element of new circumstances of the remainder just after the time of taking in arriving at a new consequential damage figure. *Wright*, supra; *Gunnels*, supra. Obviously, the consequential damage would be greater if that land, which would adequately serve the purpose intended for the taken land, was not available and the condemnee was left with either having to build a parking deck or being precluded from expanding and so losing future growth.

We therefore conclude that the jury instruction was proper and that appellant's enumeration of error is without merit.

2. DOT contends that the trial court erroneously granted Old National's motion *in limine*, thereby disallowing the testimony of DOT's expert that he relied on an option to purchase replacement land in forming an opinion as to the amount of consequential damages to the remainder.

Old National argued that evidence of the option, and expert testimony changing the appraisal based on the option, were irrelevant. It contended that the experts should be bound by their original appraisals of consequential damages calculated prior to their knowledge of the option. The trial court granted the motion.

On direct examination of expert witness Upton, DOT was precluded from asking if he had relied on the option in calculating consequential damages. However, the witness did testify that property was available adjacent to the motel and based on that availability, he conducted a net consequential damage analysis, reducing his estimate to $10,000.

At the conclusion of Upton's testimony, the trial court reconsidered its ruling and permitted examination concerning the option. Although DOT had ample opportunity to recall witness Upton to examine him specifically as to the option, it failed to do so. Moreover, evidence of the option was put before the jury throughout the remainder of the trial via the testimony of several plaintiff's witnesses.

If there was error in granting the motion *in limine*, it was cured when the trial court reconsidered its ruling and allowed examination

as to the option. The contention now that the inability to question the witness should be grounds for a new trial is without merit.

3. Appellant further enumerates as two errors the trial court's charge to the jury regarding the measure of consequential damages. No objection was made to these charges, which DOT admits, either during the charge conference or after the jury was instructed. It is therefore deemed to have waived appellate review of this issue. *Kirkland v. Williams*, 172 Ga. App. 595 (323 SE2d 891) (1984).

4. Similarly, DOT cites as error the trial court's giving of two Old National requests to charge relating to the minimization of damages. DOT excepted to the charges only generally but failed to state the specific grounds for the objection. Although OCGA § 5-5-24 does not demand a formalistic, or technically perfect objection, the grounds must be stated distinctly enough for a "reasonable trial judge to understand its nature and rule on it intelligently." *Dept. of Transp. v. Clower*, 170 Ga. App. 750 (318 SE2d 161) (1984); *Hudson Properties v. C & S Nat. Bank*, 168 Ga. App. 331, 333 (308 SE2d 708) (1983).

DOT's statement, "I object to defendant's request . . . number twenty-two, number twenty-one, etc. . . ." does not preserve the objection for appellate review.

5. DOT claims that the trial court erroneously denied its motion for new trial, as amended. The majority of the grounds for new trial were repeated in this appeal and for the reasons set forth in Divisions 1 through 4 are found to be without merit. As to the general grounds, the evidence was sufficient to support the verdict and the verdict was not contrary to the law of the State of Georgia.

Finally, DOT complains that the jury charge, as a whole, was prejudicial and adverse to its interests, but it failed to raise this objection at the conclusion of the charge. OCGA § 5-5-24 prohibits a party from complaining of the giving or failing to give jury instructions unless it objects before the jury returns its verdict, except where there has been a substantial error in the charge which was harmful as a matter of law. Although DOT did include this ground in the motion for new trial, it had not properly preserved the objection for purposes of appeal. Viewing the charge as a whole, we find no reversible error.

*Judgment affirmed. Birdsong, P. J., Sognier and Benham, JJ., concur. Carley, J., concurs in the judgment only. Banke, C. J., Deen, P. J., McMurray, P. J., and Pope, J., dissent.*

DEEN, Presiding Judge, dissenting.

Enumeration of Error No. 3 complains of a charge to the jury approving use of the value of substituted or replacement land that may or may not be acquired to offset the part taken, as a measure of ascertaining consequential damages. This requires reversal by this court.

In reading *Wright v. MARTA*, 248 Ga. 372, 376 (283 SE2d 466) (1981); *Dept. of Transp. v. Gunnels*, 175 Ga. App. 632 (334 SE2d 197) (1985) (overruled on March 4, 1985 in Supreme Court opinion *Dept. of Transp. v. Gunnels*, 255 Ga. 495 (340 SE2d 12) (1986)); *McArthur v. State Hwy. Dept.*, 85 Ga. App. 500 (69 SE2d 781) (1952); and *Jotin Realty v. Dept. of Transp.*, 174 Ga. App. 809 (331 SE2d 605) (1985), I find no authority for allowing the value of substitute or replacement land that may or may not be acquired in lieu of that taken, to be considered as an element in arriving at consequential damages. While, if substantially similar, it may be relevant in ascertaining the market value of the part actually taken, in my opinion it has no bearing and would be irrelevant and inadmissible as to the consequential damages or benefits to the remainder. See the excellent special concurrence of Justice Weltner in the latter cited *Gunnels* case.

The trial judge at one point said, "This case is so flawed now no matter who wins it's going to be reversed." I would reverse the judgment of the trial court so that a new trial may be had.

I am authorized to state that Chief Judge Banke, Presiding Judge McMurray, and Judge Pope join in this dissent.

DECIDED APRIL 9, 1986 —
REHEARING DENIED MAY 22, 1986 —

*Michael J. Bowers*, Attorney General, *Marion O. Gordon*, *Roland F. Matson*, *Beryl H. Weiner*, *J. Mathew Dwyer*, *James S. S. Howell*, Assistant Attorney Generals, for appellant.
*W. Lyman Dillion*, *Leslie A. Dent*, for appellees.