A95A1008. DEPARTMENT OF TRANSPORTATION v. 2.953 ACRES OF LAND et al.
(463 SE2d 912)

ANDREWS, Judge.

The Department of Transportation ("DOT") appeals from a jury award to condemnees for compensation in a taking of 2.953 acres from a 32.2-acre plot. The DOT contends that the trial court erred by allowing evidence regarding consequential damages and cost of cure and by charging the jury on this evidence.

The 32.2-acre tract of land in question is being used by a wholesale grocery distributorship facility and consists of 20.475 acres south of a power line right-of-way on which are located the distribution facility's warehouses and offices, 3.668 acres within the right-of-way of which a portion is used for parking, and 8.134 acres north of the right-of-way which was intended for use as an expansion site for more warehouse space. The 2.953 acres that were taken came from the 8.134 acres north of the right-of-way and fronted on the county road and Hwy. 301. The site consists of dry and multi-temperature cold storage facilities with a refrigerated loading dock and offices in both the dry and cold storage areas. It also has a truck maintenance facility with fuel, its own water supply, a retention pond, rail frontage and easy accessibility from Hwy. 301. The DOT appraiser valued the land and the facilities at $5.3 million before the taking and the condemnees' appraiser valued them at $6.2 million. The DOT appraiser

valued the land taken at $35,000 an acre for a total value of $103,400 and condemnees' appraiser valued it at $45,000, for a total value of $132,930. Mr. Morris, the company's chairman, testified as an expert and valued the land taken at $180,000.

Condemnees also claimed consequential damages because of the taking. Removing the approximately three acres from the site left an irregular wedge-shaped piece of property. While the site would have allowed warehouse space of 225,000 square feet before the taking, it was capable of accommodating a warehouse of only 73,000 square feet after the taking.

The condemnees claimed that the taking resulted in their having to purchase an adjoining eight-acre plot for $200,000 in order to build warehouse space large enough to allow for the projected growth in sales. At the time of the taking, the business was already operating at 20 to 25 percent over capacity and Mr. Morris testified that the company must continue to expand or close. As an example of the pressures involved in remaining competitive, Morris stated that there are now only three independent wholesale grocers still in business in Georgia. The eight-acre tract from which the approximately three acres were taken was the area designated for future expansion and represented 50 percent of the expansion space on the site.

The condemnees' appraiser testified that immediately prior to the taking, the highest and best use of the property was as a wholesale grocery distributorship. However, as a result of the taking there was no longer any room to expand, and therefore, the highest and best use changed to that of general warehouse space. This change resulted in a diminution in value of the remainder, from which he arrived at consequential damages of $4,593,256.

The DOT appraiser agreed that the highest and best use was as a wholesale grocery distributorship. He further testified that the decline in value would be at least $2 million if it were sold for general warehouse space.

The only damages requested were for the taking and for $200,000 in consequential damages to the remainder, this being the cost of cure in buying the replacement property. The jury awarded the condemnees a total of $185,000.

The DOT brings 11 enumerations of error. They fail to support enumerations 4, 5 and 11 with any argument in their brief, and therefore, these enumerations are deemed abandoned. Court of Appeals Rule 27 (c) (2). Further, the sequence of argument in the DOT's brief does not follow the order of the enumerations of error, in violation of Rule 27 (c) (1). In addition, in enumerations of error 2 and 3, the DOT cites two different errors within one enumeration. When an appellant asserts more than one error within a single enumeration this court may, in its discretion, review none, one or both of the errors

asserted. *Toledo v. State*, 216 Ga. App. 480, 482 (455 SE2d 595) (1995). However, because we find that the court properly admitted the evidence on consequential damages and cost of cure, we need address only that part of the enumerations concerning the denial of the motion for directed verdict.

1. The DOT claims that the trial court erred in allowing evidence as to claimed consequential damages and cost to cure. In reviewing this enumeration of error, we note at the outset that "[a]dmissibility of evidence is a matter which rests largely within the sound discretion of the trial court." (Citations omitted.) *Ramey v. Leisure, Ltd.*, 205 Ga. App. 128, 132 (421 SE2d 555) (1992).

"The proper measure of consequential damages to the remainder is the diminution, if any, in the market value of the remainder in its circumstance just prior to the time of the taking compared with its market value in its new circumstance just after the time of the taking. [Cits.]" *DOT v. Metts*, 208 Ga. App. 401, 403 (430 SE2d 622) (1993). "In a partial taking case, evidence as to the cost to cure may be admissible as a factor to be considered in determining the amount of recoverable consequential damages to the remainder. [Cits.]" Id. Here, condemnees claimed that the taking left them with an irregularly shaped piece of property which could no longer be used as a site for a warehouse large enough to meet the growing needs of their business. Therefore, they were forced to purchase an adjacent tract that would accommodate the warehouse. They submitted that the $200,000 price of the adjacent tract was their cost to cure the damage suffered because of the taking.

The DOT cites to no case law in support of its argument that the trial court erred in allowing the condemnees to submit evidence on these issues. Further, this case is very similar to the facts in *DOT v. Old National Inn*, 179 Ga. App. 158 (345 SE2d 853) (1986). The taking in that instance was 0.8 acre of land that was available for use as parking upon future expansion of the hotel. This Court held that the availability of adjacent land to replace the land taken was relevant in determining the amount of consequential damages to the remainder. *Old National Inn*, supra at 160. Implicit in this holding is that loss of space allocated for future expansion may be considered as consequential damages to the remainder. Accordingly, we find the trial court did not err in allowing this evidence and this enumeration of error is without merit.

2. At the same time as the DOT claims that all testimony as to consequential damages should be stricken, they also claim that the trial court erred in not directing a verdict as to the issues of consequential damages and cost to cure. "[I]n considering a ruling on a motion for directed verdict, the evidence must be construed most favorably to the party opposing the motion. The standard for review of

a directed verdict and a judgment n.o.v. are the same: Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. . . . [T]he standard of appellate review of the trial court's denial of a motion for a directed verdict is the 'any evidence' standard." (Citations and punctuation omitted.) *Mattox v. MARTA*, 200 Ga. App. 697, 698 (409 SE2d 267) (1991).

Again, the DOT cites to no case law in support of its proposition that the court erred in not directing a verdict on these facts. However, in their supplemental brief, the DOT contends that the condemnees' evidence relating to the probable future use of the land was improper because only the present diminution in value is relevant. It cites to *Colonial Pipeline Co. v. Williams*, 206 Ga. App. 303 (425 SE2d 380) (1992), and *DOT v. Benton*, 214 Ga. App. 221 (447 SE2d 159) (1994), for the proposition that the future sale price of condemnees' land is not at issue because only the present value is relevant. However, the cases cited by the DOT involve condemnees who claimed that the land could have been used for a better purpose in the future if not for the taking. Unlike the case at hand, these cases do not involve condemnees who claim that their land could not be purchased *for the same purpose for which it is being used presently*. Here, the condemnees claimed that the land was no longer saleable as a wholesale grocery distribution facility, the use for which it is presently used. Thus, the evidence presented as to the future sale price of the land after the taking was not "wholly speculative or conjectural" as suggested by the DOT. Further, this Court in *Benton* stated, "[e]ven where a different use is probable, the jury cannot evaluate the property as though the new use were an accomplished fact; the jury can only consider the new use to the extent that it affects the market value *on the date of taking*." (Citations omitted; emphasis in original.) Id. at 222. Thus, the jury in this case was certainly allowed to consider evidence of the fact that the market value as of the date of taking was affected because the property was no longer suitable for its *present* use.

In addition, as discussed previously, in support of a claim for consequential damages and cost to cure, this court has approved the use of evidence that condemnees were precluded from expanding and had to buy additional land in order not to lose future growth. See *Old National Inn*, supra at 161 ("Obviously, the consequential damage would be greater if that land, which would adequately serve the purpose intended for the taken land, was not available and the condemnee was left with either having to build a parking deck or being precluded from expanding and so losing future growth.").

In light of the above, we find there was sufficient evidence of con-

sequential damages, including cost of cure, to go to the jury. Accordingly, the trial court did not err in denying the DOT's motion for a directed verdict.

3. Next, the DOT objects to the jury charge on the cost to cure. The charge was as follows: "If you do find that consequential damages have resulted, then in determining the measure of any consequential damages you may consider the value of any substituted land which you determine the condemnees have reasonably acquired in curing any such damages. I further charge you that if you do not find consequential damages have resulted, then you should not consider any evidence having anything to do with any substituted property or cost of cure." The DOT cites to no authority in support of its claim that the charge is erroneous, but merely complains that the charge implies that the condemnees were entitled to recover the cost of the purchase of the 8.25 acres and thereby gave the court's "stamp of approval on the condemnees' purchase of additional property." This argument is meritless. The charge is clear that if the jury does not find that condemnees have suffered any consequential damage, they are not to consider any cost of the substituted land. However, if they do find consequential damage, then they *may* consider the value of the substituted land. The trial court did not err in charging the jury on cost to cure.

4. Lastly, the DOT complains of the jury charges on "uniqueness" and business losses. Their argument is confusing because the DOT claims that without any evidence of loss of profits or interference with the business, condemnees could not contend that the property was unique and were not entitled to additional compensation for business loss. The DOT cites *Dept. of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314 (265 SE2d 10) (1980), as authority for this proposition. This is clearly erroneous. The case actually states the inverse of this statement, i.e., "business losses are recoverable as a separate item only if the property is 'unique.'" Id. at 315. In any event, the charge complained of was not a charge on additional claims for business losses to unique property, but rather, a charge on damage to the business as it affected the market value of the property. This evidence of damage to the business does not depend on the uniqueness of the property and is offered to help determine the market value of the property taken. "Furthermore, in the absence of a showing of a special or unique value to the owner, mere business losses caused by a partial taking of the land on which the business is located are not a separate element for compensation. *Evidence of such losses may be submitted to the jury only to help establish the market value of the property taken.*" (Emphasis supplied.) *Southwire Co. v. Dept. of Transp.*, 147 Ga. App. 606, 610 (249 SE2d 650) (1978) (quoting *Dept. of Transp. v. Dent*, 142 Ga. App. 94, 95 (3) (235 SE2d 610) (1977)).

The court's charge was as follows: "I further charge you that the damage to a business by the taking of a part of the land where it is conducted may be considered in determining its effect upon the market value of the business property, but it is not a separate item of damage." It is not clear what the DOT specifically claims is erroneous about the charge. The condemnees presented evidence at trial as to the decline in the market value of their property because of the taking, and the charge is a correct statement of the law on this issue. *Dent*, supra at 95.

The DOT's objection to the charge on uniqueness is also without merit. There was ample evidence submitted as to the uniqueness of the property. The property was highly specialized, with improvements such as cold-storage facilities which were of value only to this business and would not be needed by other companies requiring only general warehouse space. Further, the DOT's appraiser agreed there were no other facilities comparable to this one in the area, and therefore, it would have been difficult and expensive to re-locate. The DOT's appraiser also agreed that this is not a property which is generally bought and sold in the open market. Thus, the court did not err in instructing the jury on uniqueness, especially since only slight evidence is necessary to authorize a jury charge on this issue. *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 543 (3) (309 SE2d 816) (1983). Accordingly, this enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 26, 1995 —
RECONSIDERATION DENIED NOVEMBER 8, 1995 — ▮▮▮▮▮▮

*Michael J. Bowers, Attorney General, Newton, Smith, Durden, Kaufold & Rice, Wilson R. Smith*, for appellant.
*Roach & Bradley, Hal Roach, Jr.*, for appellees.